Verbal D. GIBSON, Employee,
Plaintiff-Respondent,

v.

Minnie V. GREENFIELD, Employer No.
1, d/b/a Bonneville Inn Restaurant,
Defendant-Appellant,

and

John Anderson, Employer No. 2,
Defendant-Respondent.

No. 38169.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 17, 1978.

Clinton B. Roberts, Roberts & Roberts, Farmington, for defendant-appellant.

Dallas W. Cox, Jr., St. Louis, for plaintiff-respondent.

DOWD, Judge.

This is a suit under the Workmen's Compensation Law to recover damages for injuries suffered in a fall while employee was at work at a restaurant. The Circuit Court of St. Francois County affirmed the Industrial Commission's award of $5,000 to employee, respondent Verbal D. Gibson, and against employer Minnie Greenfield, appellant. The issues here are which of two employers is legally liable and whether the court erred in holding employer Greenfield liable in her individual capacity.

Our standard of review is a narrow one. We view the record in the light most favorable to the findings of the Commission, considering all inferences favorable to its result. The award will not be set aside unless the Commission's findings are unsupported by competent and substantial evidence and contrary to the overwhelming weight of the evidence. *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 53 (Mo.App.1975).

The Commission, with a minor exception, adopted the referee's findings of fact, and conclusions of law. The referee found that Minnie Greenfield, d/b/a Bonneville Inn Restaurant was the employer of claimant at the time claimant sustained an accidental injury on August 29, 1972. The referee also found that Minnie Greenfield and John Anderson had not reached a meeting of the minds regarding a lease of the restaurant and that at the time of the accident Anderson was acting as agent for appellant, and that appellant had never relinquished control and supervision over the management of the restaurant. The trial court sustained the findings and award of the Commission. Employer Greenfield appeals.

Appellant Minnie Greenfield first claims that the Commission erred in its finding that she was the employer of the injured employee. Appellant argues that the record as a whole establishes that John Anderson was the employer of claimant at the time of the accident. We disagree.

The record reveals that in September 1971, Minnie Greenfield formed a corporation known as Bonneville Inn Restaurant, Inc. She was the sole officer and shareholder. From February 1 through March 15, 1972, she operated the restaurant with her brother, John Anderson, as a partnership, splitting profits and losses equally. This arrangement ended due to a dispute between the two. However, later there were discussions about Anderson and his wife taking over the operation of the restaurant from Minnie Greenfield. On August 17, 1972 Minnie Greenfield drew up a memorandum of lease. The lease set forth the amount of the rent, the duration of the lease, and stated there were to be no major changes in the restaurant operation. The memorandum of lease was not signed. Although the memorandum of lease provided that the Andersons were to take possession September 1, 1972, they took over earlier at Minnie Greenfield's request, to better prepare for the upcoming Labor Day weekend. On Sunday, August 27, 1972, the change-over took place. Employee, Verbal Gibson, was injured at work on August 29, 1972.

■ We hold that the Commission's findings that appellant Greenfield was the sole and only employer of the employee at the time of the accident was supported by competent and substantial evidence and not contrary to the overwhelming weight of the evidence. *Brooks v. General Motors Assembly, supra.* Supporting this conclusion includes the fact that John Anderson had not paid rent for the restaurant to his sister at the time of the injury, and did not possess the keys to the premises. Nor was there a binding lease present here. A valid lease requires a clear intention common to both parties. *Crestwood Plaza, Inc. v. Kroger Co.*, 520 S.W.2d 93, 98[15] (Mo.App.1974). There was not sufficient meeting of the minds between Greenfield and her brother to conclude there was a contract of lease. *Macy v. Day*, 346 S.W.2d 555[1, 2] (Mo.App. 1961). They had different views of the meaning of the clause that there were to be no major changes in operation of the restaurant. Minnie Greenfield thought it meant that John Anderson could not turn the restaurant into a nightclub and no liquor could be served. John Anderson thought it meant that his sister would have continuing control over the operation of the restaurant.

■ Also significant is the question of control. Although Anderson may have been in possession of the premises, he was not a lessee unless he also had exclusive control of the restaurant. *Friend v. Gem International, Inc.*, 476 S.W.2d 134, 138[3] (Mo.App.1971). See also *Busby v. Stimpson*, 542 S.W.2d 551, 553[3] (Mo.App.1976). We agree with the finding below that Minnie Greenfield had not relinquished her right to control the management of the restaurant. She could veto a decision by John Anderson to hire a certain employee, and on one occasion she refused his request to close one of the night shifts. During the period the arrangement was in effect, Minnie Greenfield rejected about six different proposals that John Anderson made to her for changing the operation of the restaurant. Minnie Greenfield terminated the lease by sending a letter to her brother in

August, 1973, which was about six months earlier than the termination date stated in the memorandum of lease. She did this because her brother told her that he would shut down the restaurant or "run it to suit himself." She began running the restaurant by herself on August 29, 1973. Appellant's first point is without merit.

Appellant next contends that if the Commission does not find that John Anderson was the employer, then the competent and substantial evidence demonstrates that the employer of claimant was the corporation Bonneville Inn, Inc., and not Minnie Greenfield. Appellant argues that the record as a whole establishes that the corporation, Bonneville Inn, Inc., operated the restaurant. We disagree. The restaurant building was owned by Minnie Greenfield individually. The check that John Anderson paid to Minnie Greenfield for rent and inventory when his tenancy began was made out to Minnie Greenfield, endorsed by her, and a receipt for this payment was signed by her. It was deposited in her own personal account. The income she received from renting the property to her brother was reported in her personal income tax return for 1972. The named insurer on the workmen's compensation policy was Minnie Greenfield, and not the corporation. The memorandum of lease was written on stationery which carried the restaurant letterhead and read "Bonneville Inn", not "Bonneville Inn, Inc."

We believe there is competent and substantial evidence to support the Commission's finding that Minnie Greenfield individually and not the corporation operated the restaurant and was therefore the employer of claimant at the time of the injury. Appellant's point is without merit.

Respondent moves this court to award damages for a frivolous appeal under Rule 84.19. This motion is denied.

The judgment is affirmed.

STEWART, P. J., and REINHARD, J., concur.