Gerald WILLCUT, Plaintiff-Respondent,

v.

John STOUT and Joann Stout, Defendants-Appellants.

No. 13327.

Missouri Court of Appeals, Southern District, Division Three.

April 25, 1984.

Motion for Rehearing Overruled and Transfer to Supreme Court Denied May 14, 1984.

Application to Transfer Denied June 19, 1984.

George R. Wilhoit, Jr., Karen J. Miller, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for plaintiff-respondent.

David W. Keathley, Poplar Bluff, for defendants-appellants.

PREWITT, Judge.

Defendants are the owners of farmland which plaintiff contends he had the right to possess under an oral lease. Defendants attempted to oust plaintiff from the premises and he obtained a permanent injunction barring defendants from interfering with his use and possession of the property. Defendants appeal.

Defendants contend in their first point that the trial court erred in admitting evidence of an oral agreement to lease the land because § 441.120.1, RSMo 1978, prevented such evidence. This subsection is set out below.* Plaintiff asserts that this statute has no application because the ownership of the land changed and his written lease and oral agreement were with different owners.

By written document dated and effective January 1, 1982, plaintiff leased the land for one year from Mary E. Sielk and defendant JoAnn Stout. Apparently they each had an undivided one-half interest in the property. Pursuant to a petition filed by Mary E. Sielk against JoAnn Stout, a partition sale of the land was held on the 8th day of November 1982. At the sale defendant John Stout, JoAnn's husband, purchased the property. John Stout received a deed from the sheriff to the property on December 17, 1982 and on December 20, 1982, he and JoAnn Stout conveyed the property to themselves as tenants by the entirety. Plaintiff presented evidence that on November 15, 1982, he made an oral agreement to lease the property for the next calendar year with John Stout.

By its terms and as interpreted in *Watkins v. Wattle,* 558 S.W.2d 705, 711 (Mo. App.1977), § 441.120.1 does not bar evidence of the oral agreement here. The ownership in the property changed from Mary Sielk and JoAnn Stout to John Stout and then to John Stout and JoAnn Stout. At the time of the oral lease there was evidence that John Stout said he was the owner, although he testified that he intended to purchase the property for both himself and his wife. The exhibits show that he alone purchased it and received a deed to it.

■ Plaintiff's written agreement was with the prior owners and not with John Stout, with whom he made the oral agreement. Section 441.120.1 is not a bar to showing an oral agreement to lease where the prior written agreement was with a different party. *Watkins,* 558 S.W.2d at 711. The written agreement was with different parties than the oral agreement so the statute does not apply. Point one is denied.

In defendants' second point they contend that the trial court erred in holding that the oral lease was rendered invalid by § 432.010, RSMo 1978, and became a tenancy at will under § 432.050, RSMo 1978, because there was no evidence that plaintiff took possession of the premises pursuant to the oral agreement. Defendants contend that in order for the oral agreement to be valid, it has to be accompanied by the delivery of possession and the only possession plaintiff had was that which he was entitled to under the written lease.

Plaintiff planted wheat in the fall of 1982 which was to be harvested in the spring or summer of 1983, after the term stated in the written lease. Defendants assert that plaintiff was entitled to continue to care for the wheat and that was all he did. They claim that his use and possession of the property came from the written agreement and he never took possession under the oral agreement.

■ There is no merit to this contention. Assuming that plaintiff would have a right to continue to care for and harvest the wheat after the written lease expired, a position plaintiff does not dispute and a

* "441.120. Oral testimony not permitted to show renewal of lease—exception

  1. In all cases where a tenant holds over after the termination of the time for which the premises were let or leased, under a written contract between the lessor or his agent and the tenant or his agent, in any suit for possession by the party entitled to possession of said premises against such tenant, after the termination of the time for which said premises were let or leased under written contract, oral evidence shall not

be admissible that said lease or letting was renewed or extended, or that a new contract was entered into or substituted for the written contract, but the tenant's right to continued possession or the landlord's right to collect rent on said premises after the termination thereof, shall be established by contract in writing; provided, however, this section shall not prevent a recovery of damages by either party for breach of the written contract."

question we do not reach, see 51C C.J.S. Landlord & Tenant, § 349, there was evidence of additional use and possession of the land in 1983 beyond that necessary to care for the wheat. In January of 1983 plaintiff was asked by Mr. Stout to give up the house on the premises so that Mr. Stout's son could live on it. Plaintiff did so. There was evidence that in April of 1983 John Stout said he wanted $25,000 from plaintiff in addition to their previous agreement of one-third of the crop. After plaintiff refused, defendants thereafter tried to oust plaintiff from full possession of the property. Plaintiff continued to keep his equipment on the premises after the first of the year and was not asked to remove it until April 28, 1983. This point is denied.

Defendants' third point states that the trial court erred in overruling JoAnn Stout's motion for directed verdict at the end of the evidence and entering an injunction against her because there was no evidence to support plaintiff's claim or the injunction against her.

■ As this was a nonjury trial there could be no directed verdict. Although there was not, as defendant JoAnn Stout asserts, any evidence to show she was a party to the oral lease, there was evidence that her husband alone purchased the property. Thus she was not required to be a party to it for the lease to be valid. She acquired an ownership interest after the oral agreement and the record indicates that she participated at least nominally in attempts to oust plaintiff from the property. Defendants' answer states that "they have given petitioner [plaintiff] oral and written notice to vacate the property". As she was then one of the owners and was seeking possession of the property the trial court did not err in also directing its injunction toward her. This point is denied.

■ Defendants contend in their fourth point that the trial court erred in holding that defendants consented to plaintiff's tenancy after December 31, 1982, because there was no evidence of any consent. While this finding was probably unneces-

sary in view of the court's finding that there was an oral lease and plaintiff took possession, the evidence we have recited in our discussion under point two shows that plaintiff retained possession of the property for several months without any protest from defendants while they knew he was using the land. This supports a finding of assent or consent to the new tenancy. See *Watkins v. Wattle,* supra, 558 S.W.2d at 712. Point four is denied.

■ In their fifth point defendants assert that the permanent injunction granted exceeds the relief requested by the pleadings and proof. It did not exceed the relief sought as plaintiff asked that defendants be permanently enjoined from interfering with plaintiff's possession. However, the evidence showed that plaintiff would only be entitled to have the injunction continue until November 15, 1983. Viewing the trial court's findings and judgment in their entirety it appears to us that the trial court only intended to enter an injunction effective through November 15, 1983, although, as defendants contend, the portion of the judgment reciting the injunction does not state a termination date. To prevent this from being any further problem, if it is, we can modify the judgment to make the injunction terminate November 15, 1983. If possible, we are to finally dispose of the case and give such judgment as should have been given. Rule 84.14.

Defendants contend in their remaining point that the trial court erred in holding that the oral agreement is a tenancy at will because the evidence showed that at most there was created a sharecropper agreement subject to termination without notice.

■ Although plaintiff's rent was to be paid by John Stout receiving one-third of the crop's value and plaintiff two-thirds, and the fertilizer and seed cost was divided on the same ratio, that alone is not determinative of this issue. Ordinarily the principal distinction drawn between a "tenant" and a "cropper" is that the tenant has a possessory interest in the land, whereas the cultivator has only an incorporeal inter-

est which may be merely a license, or a limited and qualified interest in the land. *Smith v. McNew,* 381 S.W.2d 369, 373 (Mo. App.1964). A lease exists where the parties intend that the landowner part with exclusive possession and the other party take it for cultivation. *Busby v. Stimpson,* 542 S.W.2d 551, 553 (Mo.App.1976). To determine whether a party is a cropper or a tenant, the court must look at the intentions of the party and the circumstances. *Id.* See also Comment, John C. Crow, Cropper and Tenant Distinguished in Missouri, 24 Mo.L.Rev. 330 (1959).

Here there was evidence which would justify the court in finding that plaintiff was a tenant and not a sharecropper. Plaintiff previously had operated under a written lease which made him a tenant. He testified that he and John Stout agreed that they were to operate in the same manner and on the same terms as plaintiff had previously in farming the land. There was evidence the parties did so, at least until April of 1983. Defendants' answer admitted that plaintiff had been a tenant until December 31, 1982. Plaintiff had a right to live on the premises until he gave that up after the oral term had started. Except for the division of crop receipts and costs, apparently he was entitled to farm the land much as one could farm his own property. This point is denied.

The judgment is modified by terminating the injunction on November 15, 1983, and as modified is affirmed.

GREENE, C.J., and HOGAN and MAUS, JJ., concur.

CROW, P.J., recused.