A89A1874. MORGAN v. PALACE INDUSTRIES, INC. et al.
A89A1875. GARRETT v. PALACE INDUSTRIES, INC. et al.
(392 SE2d 315)

POPE, Judge.

We granted discretionary appeals in each of these cases to review

separate portions of the same award made by an Administrative Law Judge of the Board of Workers' Compensation. Because each appeal arises from the same transaction, we have consolidated them for review in a single opinion. At issue in Case No. A89A1874 is whether appellant Milton Morgan, the sole stockholder and director of Palace Industries, Inc., was classified properly as an "employer" along with his company and thus is jointly and severally liable with it for an award of benefits made to Henry Gary "Skip" Garrett. The ALJ found the employers liable because she also found that no insurance coverage existed on the date of the compensable accident which was October 1, 1987. In Case No. A89A1875, appellant Garrett, the injured worker to whom the ALJ made an award, appeals that portion of the award finding that no insurance coverage existed and concluding that the insurer, Liberty Mutual Insurance Company, had no liability. We consider first the issue of insurance coverage.

1. Liberty Mutual issued policy No. WC1-351-411388-016 to Palace Industries, Inc., providing workers' compensation coverage for a period of one year ending January 5, 1987. Palace Industries was required to make periodic premium payments to keep the policy in force. In October 1986, Liberty Mutual notified Palace Industries that its policy was being cancelled for non-payment of premiums effective November 4, 1986. However, on November 11, 1986, after receiving a payment, Liberty Mutual reinstated coverage. Shortly thereafter, coverage was again cancelled for non-payment because Palace Industries' check was returned for insufficient funds. Liberty Mutual did issue a renewal policy, No. WC-351-411388-017, and did offer to provide continuous coverage provided it received a renewal deposit payment by January 5, 1987. No payment was made. There was evidence that Liberty Mutual had filed with the Board of Workers' Compensation Form A cards pursuant to Board Rule 126 showing coverage under both policy numbers. Liberty Mutual later filed a Form B card pursuant to the same rule showing cancellation of policy WC-351-411388-016, but never filed one for policy WC-351-411388-017. Liberty Mutual provided evidence that the second policy was not a new policy but merely a continuation of the first and that the difference in the last digit of the policy number merely reflected the new year the policy was to be effective, 1987 rather than 1986.

Garrett argues that because Liberty Mutual never notified the Board of the termination of insurance on the renewal policy, WC-351-411388-017, pursuant to the requirements of Board Rule 126, the policy was in effect at the time of his accident in October 1987 and that the conclusion of the ALJ that no coverage existed is in error. We disagree. In *American Centennial Ins. Co. v. Flowery Branch Nursing Ctr.*, 258 Ga. 222 (367 SE2d 788) (1988), the Supreme Court held that the filings required under Board Rule 126 (as it existed at the

pertinent time in this case) are merely *evidence* of coverage or of cancellation. However, such filings are not conclusive. Evidence exists in the record to support the ALJ's conclusion that Liberty Mutual terminated insurance coverage for non-payment of premiums in January 1987 and thus had no liability at the time of claimant Garrett's accident in October 1987. As the record contains evidence to sustain the conclusion of the ALJ, the superior court correctly affirmed it.

2. Having determined that no insurance coverage existed, we turn to the issue of whether Morgan was properly classified as an "employer." The evidence of record merely shows that Milton Morgan was the sole officer and sole shareholder of Palace Industries, Inc. The claimant, Garrett, testified that his employer was Palace Industries, with Charles Darwin acting as his supervisor. Charles Darwin testified that the employer was Palace Industries.

We do not accept Morgan's argument that the ALJ was without power to add Morgan as a party. OCGA § 34-9-102 (c) authorizes an ALJ, in pertinent part, "to add or delete parties with or without motion." We also conclude that the ALJ had the jurisdiction and power to determine the legal question of whether Morgan was the alter ego of Palace Industries. OCGA § 34-9-100 (a) provides in pertinent part, "The board and its administrative law judges shall have full authority *to hear and determine all questions* with respect to . . . claims [for compensation]." (Emphasis supplied.) However, although there is ample evidence that Morgan, the sole officer and shareholder of Palace Industries, failed in his duty to procure workers' compensation insurance as required by law, it does not follow, as suggested by claimant Garrett, that it was proper for the ALJ to conclude that Morgan was an "employer" within the definition of OCGA § 34-9-1.

The evidence is uncontroverted that Palace Industries, Inc., was the employer in this case. That Palace Industries withheld money from subcontractors ostensibly to pay workers' compensation insurance and then did not, but rather simply used the money in the general operation of Palace Industries, including payment of salary and commissions to Morgan, is not evidence of disregard of the corporate entity. We have examined the record and find no evidence to justify that conclusion of law. We note that, although claimant Garrett argues this theory on appeal, the ALJ made no conclusion of law based on the alter ego theory, nor did she make any findings of fact that show a disregard of the corporate entity. Therefore, we conclude it was error to classify Morgan, individually, as an "employer."

Obviously, should Palace Industries become insolvent and unable to pay the award, claimant Garrett would have a right of action against Morgan based on *Samuel v. Baitcher*, 247 Ga. 71 (274 SE2d 327) (1981). However, only one of the two *Baitcher* conditions (no insurance coverage and insolvency of the employer) is shown. Even if

both conditions were proved, the action could not be brought properly in a workers' compensation case, but would have to be brought in a separate action at law.

*Judgment affirmed in part and reversed in part in Case No. A89A1874; judgment affirmed in Case No. A89A1875. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1990 —
REHEARINGS DENIED MARCH 26, 1990 —

*James G. Killough*, for Morgan.
*Harriss, Hartman, Aaron & Townley, Don L. Hartman, James A. Secord*, for Garrett.
Charles Darwin, *pro se.*
Palace Industries, *pro se.*