**Mark L. BABCHICK, Appellant/Cross–Respondent,**

**v.**

**Patricia B. CONLEY and Zachary Ryan Conley, a minor, Cross–Appellants/Respondents.**

**No. 62639.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

June 1, 1993.

Love, Lacks & Paule, P.C., Daniel P. Card II, Alisse C. Camazine, St. Louis, for Patricia B. Conley.

Mark L. Babchick, pro se.

KAROHL, Chief Judge.

Father filed a reverse paternity suit brought under the Uniform Parentage Act, § 210.817–210.852 RSMo Cum.Supp.1987. Mother cross-appeals on two provisions of an amended "order." Father's appeal has been dismissed for failure to file a brief and perfect the appeal.

The parties' son was born on January 9, 1990. On July 10, 1990, Father filed a petition for declaration of paternity and other relief. Mother's answer admitted paternity. The court entered a partial Summary Judgment declaring Paternity. Thereafter, Father failed to respond to discovery requests, his attorney withdrew, and the court struck his pleading. Without entry of a default and inquiry, the court set the case on June 18, 1992. Father appeared pro se and was permitted to participate to the extent of asking questions. He was not allowed to offer evidence.

On June 18, 1992, the court entered an order including the expression of a default judgment and the following findings relating to custody and child support:

3. The Court finds that unrestricted and unsupervised visitation would endanger the child's physical health and impair his emotional development.

4. Plaintiff shall have supervised visits with the minor child on the first Sunday of each month, from 3:00 p.m. to 6:00 p.m. Said visits shall be at the home of and be supervised by Mary King, Plaintiff's sister, 10614 East 69th Terrace, Raytown, Missouri 64133, or Sandy Kenny, 2410 S.W. Hook Road, Lee Summit, Missouri 64082. Plaintiff shall provide Defendant Patricia Conley with seven (7) days notice of his intent to exercise said visits.

In the event Plaintiff exercises his rights to visits with the child for a period of nine (9) consecutive months, said supervised visits will be increased to the first and third Sundays of each month from 3:00 p.m. to 6:00 p.m.

5. Plaintiff shall pay to Defendant, Patricia Conley, the sum of Five Hundred Forty–Four ($544.00) per month as and for child support commencing June 18, 1992 and the same date each successive month thereafter.

On August 12, 1992, the court entered a new judgment after Father filed a timely Motion for New Trial and a Motion to Set Aside Default Judgment. The court again expressly found him to "remain in default." Mother contests two changes. First, the court eliminated the words "and be supervised by" from paragraph four concerning visitation. Second, the child support amount was reduced from $544 to $277 per month.

On the ground of abuse of discretion, mother claims the new judgment provisions are reversible error because:

(a) Father offered no evidence to support the changed provisions.

(b) Deletion of the supervision requirement during visitation is not supported by evidence, contradicts a finding of fact and violates the provisions of § 452.400 RSMo Cum.Supp.1991. It also creates an ambiguity.

(c) Changes are unwarranted in light of father's procedural defaults.

■ We find no error in the change relating to child support. Father never offered any evidence regarding his income or assets. Mother did not provide evidence from which the court could determine Father's ability to pay support. Additionally, Father does not contest the entry of the $277 child support order. Therefore, it was not error to withdraw the unsupported original award.

■ The contradictory findings regarding visitation can be rectified under Rule 84.14. If possible, we are to finally dispose of the case and give such judgment as should have been given. *Id.; Willcut v. Stout,* 670 S.W.2d 158, 161 (Mo.App.1984). The court explicitly found unsupervised visits would endanger the child but removed the protection of supervision during visitation at the home of Mother's sister. Although Father's Motion for New Trial alleges the supervision requirement unreasonably restricts his rights, this argument fails because the record sufficiently supports the court's findings of endangerment. Father did not cooperate with the court in complying with discovery requests, hence, offered no evidence to oppose the evidence of endangerment. Where the court retained the finding, it is possible the words were inadvertently omitted. Therefore, the judgment is amended by restoring the words "and be supervised by" in paragraph 4.

Judgment affirmed as amended.

PUDLOWSKI and CRANDALL, JJ., concur.