**Cynthia Lynn CLARK, Respondent,**

v.

**Charles J. CLARK, Appellant.**

No. 18431.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 5, 1993.

Charles J. Clark, pro se.

No appearance, for respondent.

MONTGOMERY, Judge.

Charles J. Clark appeals, pro se, from a decree dissolving his marriage with Cynthia Lynn Clark. The decree also divided the parties' marital property, apportioned certain debts and ordered each party to pay his or her own attorney fees.

All we can glean from Appellant's brief is his dissatisfaction with lack of notice of the hearing date (although he filed no pleadings) and the division and valuation

of marital property. Appellant's brief contains no jurisdictional statement, statement of facts, points relied on or argument. Furthermore, the brief fails to cite a single authority and contains no page references to the legal file or transcript. In short, the brief is written in total disregard of every requirement in Rule 84.04[1] for an appellant's brief.

Rule 84.04(a) provides:

The brief for appellant shall contain: ■ A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of "Points Relied On."

■ If Rule 84.04 is not substantially complied with, nothing is preserved for appellate review. *Simpson v. Galena R–2 School Dist.,* 809 S.W.2d 457 (Mo.App. 1991); *Federbush v. Federbush,* 667 S.W.2d 457, 458 (Mo.App.1984); *Pillow v. Sayad,* 655 S.W.2d 816 (Mo.App.1983).

■ Plain error review under Rule 84.-13(c) is not appropriate when an appellant's brief fails to identify wherein and why the trial court erred. *Arenson v. Arenson,* 787 S.W.2d 845, 846 (Mo.App.1990). It is not the function of an appellate court to search the record to identify possible errors and research any issue so revealed. *Id.* In fairness to Respondent, we cannot become Appellant's advocate.

"[Appellant] is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence [he] would not have received if represented by counsel." *Johnson v. St. Mary's Health Center,* 738 S.W.2d 534, 535 (Mo.App.1987).

For failure to comply with Rule 84.04 the appeal is dismissed.

PARRISH, C.J., and SHRUM, J., concur.

1. Rule references are to Missouri Rules of Court (1993).