Leslie SMITH, Claimant/Respondent,

v.

**FABRICATED METAL PRODUCTS and James Soehlke, Employers/Appellants.**

No. 65535.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 13, 1994.

■■■■■■■■■

Robert T. Hart, Kortenhof & Ely, P.C., St. Louis, Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for appellants.

Michael A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for respondent.

REINHARD, Judge.

James Soehlke, sole stockholder and president of employer corporation, appeals from an award of the Labor and Industrial Relations Commission (Commission) holding him liable to claimant as an employer. We reverse.

On March 14, 1990, claimant was a welder under the employ of Fabricated Metal Products Company (Fabricated Metal), a corporation whose president and sole stockholder was appellant. On that date, claimant suffered an injury to his lower back while welding in an awkward position. Claimant reported the injury to appellant on March 20, 1990, and indicated he was not capable of working with this injured condition. Appellant authorized claimant to undergo various examinations and treatments for his injuries. Fabricated Metal paid weekly disability checks to claimant until May 18, 1990, at which time Fabricated Metal ceased making payments of any kind to claimant.

The claimant filed a workers' compensation claim against Fabricated Metal. The Administrative Law Judge (ALJ) found that claimant had a work related injury to his lower back, that the injury rendered claimant unable to work and that the medical expenses arising from the injury were reasonable and fair. Fabricated Metal was determined to be claimant's employer and was found liable under an April 1, 1991 "temporary or partial" award for temporary total disability from date of injury to April 4, 1991, and continuing thereafter until competent medical authority finds that claimant is able to return to work or is able to determine the nature and extent of any disability claimant may have. Additionally, Fabricated Metal was found liable for past medical expenses and any future medical care necessary for treatment of claimant to cure and relieve him of his injuries during the period of the temporary award. The liability came to $15,622.85 less $2,607.75 previously paid by Fabricated Metal plus future requirements. Fabricated Metal was uninsured.

Following the award, Fabricated Metal filed for bankruptcy and became insolvent. It had made no payments to claimant under the award. On April 24, 1992, claimant filed to amend the April 1, 1991 "temporary or partial" award. The amended claim prayed that appellant, as an individual, be found liable as a joint employer under the award.[1] Following a hearing, the ALJ found appellant, as an individual, to be a claimant's joint employer and amended the April 1, 1991 "temporary or partial" award to list appellant as a liable employer party.[2] Appellant received an administrative appeal challenging the ALJ's conclusion that he was claimant's employer. The Commission affirmed the ruling and adopted the ALJ's findings of facts and rulings of law.

■■■ The claimant did not favor us with a brief,[3] and we find each of appellant's

---

1. The amended claim also sought the liability of the second injury fund under § 287.220, RSMo Supp.1987, and § 287.280, RSMo 1986.

2. The ALJ also found the second injury fund liable for claimant's medical expenses under the award pursuant to § 287.220(5), RSMo Supp. 1987.

3. Claimant did file a motion to dismiss this appeal claiming that, since the Commission's award is denominated "temporary or partial", it is not final and that this court lacks the jurisdiction to review non-final awards of the Commission. In *Woodburn v. May Distributing Co., Inc.,*

815 S.W.2d 477 (Mo.App.1991), the Southern District of this court held that awards of the Commission denominated "temporary or partial" are final and reviewable as to issues of liability (as opposed to issues of the extent or duration of an award). *See, also, Tunstill v. Eagle Sheet Metal Works,* 870 S.W.2d 264, 266 n. 3 (Mo.App.S.D.1994). We spoke approvingly of *Woodburn* in *Blanford v. Robinett's Motor & Truck Serv.,* 865 S.W.2d 874, 876 (Mo.App.E.D. 1993). We now embrace *Woodburn.*

The Commission's determination that appellant is claimant's employer is an issue of liability and not of the extent or duration of the award. Therefore, it is final and we may review it.

Points Relied On deficient under the standards set out in Rule 84.04(d). However, we are able to discern from the argument portion of appellant's brief that the appellant's contention is that the Commission erred in concluding that he was claimant's employer because it is unsupported by sufficient competent evidence in the record. This court may modify, reverse, remand for rehearing or set aside the award of the Commission only if the Commission's actions were unauthorized by law or in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence. *Ludwinski v. National Courier,* 873 S.W.2d 890, 891–92 (Mo.App. E.D.1994); § 287.495, RSMo 1986. We examine the record in the light most favorable to the award, and, if the award is supported by competent and substantial evidence, we do not disturb it. *Pruteanu v. Electro Core, Inc.,* 847 S.W.2d 203, 205 (Mo.App.E.D.1993).

▆▆▆ Points relied upon that do not comply with Rule 84.04(d) preserve *nothing* to review. *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327, 335 (Mo.App.1991). However, despite such an infirmity, an appellate court may look to the argument portion of a brief to determine if there is plain error that would permit relief under Rule 84.13(c). *Id.* Rule 84.13(c) permits an appellate court to consider plain error if it results in manifest injustice or a miscarriage of justice. *Id.; Brouk v. Brueggeate,* 849 S.W.2d 699, 702 (Mo.App.E.D.1993); *Cf., Clark v. Clark,* 858 S.W.2d 837 (Mo.App.S.D.1993). We conclude that appellant's contention that there was insufficient evidence to qualify him as an employer to fall within the category justifying an examination under the plain error rule.

▆▆▆ Section 287.030(1), RSMo Supp. 1990, provides the applicable definition of employer: "... [e]very person ... using the services of another for pay." Piercing the corporate veil is a viable doctrine in Missouri workers' compensation law. *See, Saxton v. St. Louis Stair Company,* 410 S.W.2d 369, 376 (Mo.App.1966); *Gibson v. Greenfield,* 561 S.W.2d 689, 691 (Mo.App.1978). In *Gibson v. Greenfield, supra,* we upheld the Commission's action in tacitly piercing the corporate veil in its finding that Minnie Greenfield was the employer of an injured employee at her restaurant. Greenfield had formed a corporation called Bonneville Inn Restaurant, Inc., and was its sole officer and shareholder. She had operated the restaurant until leasing it to her brother, John Anderson. The Commission found Greenfield, as an individual, to be the sole employer of an injured restaurant employee. The court rejected her argument that Anderson was the employer and further held that there was sufficient evidence that Greenfield was an employer despite the existence of the corporate entity. The court listed the following evidence as sufficient to uphold the conclusion of law that Greenfield, not the Bonneville Inn, Inc., was the employer:

> The restaurant building was owned by Minnie Greenfield individually. The check that John Anderson paid to Minnie Greenfield for rent and inventory when his tenancy began was made out to Minnie Greenfield, endorsed by her, and a receipt for this payment was signed by her. It was deposited in her own personal account. The income she received from renting the property to her brother was reported in her personal income tax return for 1972. The named insurer on the workmen's compensation policy was Minnie Greenfield, and not the corporation. The memorandum of lease was written on stationery which carried the restaurant letterhead and read "Bonneville Inn", not "Bonneville Inn, Inc."

*Gibson v. Greenfield,* 561 S.W.2d at 691.

We find the facts here very similar to the Georgia case *Morgan v. Palace Industries, Inc.,* 195 Ga.App. 80, 392 S.E.2d 315 (1990). There the Georgia administrative workmen's compensation agency had held that Milton Morgan, the sole stockholder and officer of Palace Industries, Inc., was properly classified as an "employer" along with the corporation and, thus, jointly and severally liable for an award of benefits made to claimant Garret. There, as here, at the time of injury there was no insurance coverage. The court in reversing stated:

> [A]lthough there is ample evidence that Morgan, the sole officer and shareholder of Palace Industries, failed in his duty to procure workers' compensation insurance as required by law, it does not follow, as suggested by claimant Garrett, that it was

proper for the ALJ to conclude that Morgan was an "employer" within the definition of OCGA § 34-9-1.

The evidence is uncontroverted that Palace Industries, Inc., was the employer in this case. That Palace Industries withheld money from subcontractors ostensibly to pay workers' compensation insurance and then did not, but rather simply used the money in the general operation of Palace Industries, including payment of salary and commissions to Morgan is not evidence of disregard of the corporate entity. We have examined the record and find no evidence to justify that conclusion of law. *Morgan v. Palace Industries, Inc.,* 392 S.E.2d at 317-18.

The only findings of fact relating to the Commission's conclusion that appellant was claimant's employer is that he was the sole stockholder and president of Fabricated Metal and that he authorized claimant to undergo medical examinations following the injury. An examination of the record further reveals only that appellant hired claimant for Fabricated Metal and that appellant signed the corporate checks tendered to claimant. The evidence shows that all benefits paid to claimant had been made by Fabricated Metal. No facts or findings indicate that appellant was acting other than as an agent of Fabricated Metal in his relationship with claimant. Furthermore, the Commission made no conclusions of law based on alter ego theory, nor did it make any findings of fact that show a disregard of the corporate entity. The facts on the record do not support the conclusion that appellant, in his individual capacity, was using claimant's services for pay. Thus we find that the award of the Commission resulted in. a manifest injustice and a miscarriage of justice.

We reverse that portion of the Commission's award relating to appellant's liability but do not disturb the remaining portions of the award.

GARY M. GAERTNER and CRAHAN, JJ., concur.