36451. SAMUEL v. BAITCHER et al.

CLARKE, Justice.

In *Samuel v. Baitcher,* 154 Ga. App. 602 (269 SE2d 96) (1980), the Court of Appeals considered the question of whether an employee may sue an agent of his former employer for damages resulting from the agent's failure to procure for the employer workers' compensation insurance as required by law. The Court of Appeals held that no such cause of action exists. We granted certiorari for the purpose of reviewing this holding.

Samuel sustained an on-the-job injury while working at a restaurant, The Flame, Inc. This was a business owned by a corporation in which Barbara and Daniel Baitcher, appellees, were involved as shareholders, officers, directors and managers. Samuel received an award and judgment from the Georgia Board of Workers' Compensation. This award and judgment was uncollectable because The Flame did not have a workers' compensation policy in force at the time of the injury and ended up bankrupt and unanswerable in damages. Samuel then brought an action against the Baitchers in tort for failing to perform their statutory duty of providing workers' compensation benefits for the employees of The Flame, Inc. As damages, he seeks to recover a sum equal to the workers' compensation judgment which he has been unable to collect due to the failure of the Baitchers to procure the insurance.

The trial court granted the Baitchers' motion to dismiss the complaint for failure to state a cause of action, which was affirmed on appeal. The Court of Appeals found that The Flame, Inc. was legally required to carry workers' compensation insurance at the time of the

injury. They further found that the Baitchers were the individuals responsible for procuring and maintaining such insurance for The Flame, Inc. and had, in fact, failed in this duty. However, the court concluded that Samuel's suit against the Baitchers was barred by Code Ann. § 114-103, the exclusive remedy provision of the Workers' Compensation Act.

While acknowledging a corporate officer may be individually liable to another for failure to perform a duty if damage results, see *Herring v. R. L. Mathis Dairy,* 118 Ga. App. 132 (162 SE2d 863) (1968), the Court of Appeals held that this suit by Samuel could not be maintained because of the Workers' Compensation Act and their decisions in *Fox v. Stanish,* 150 Ga. App. 537 (258 SE2d 190) (1979) and *Smith v. White Lift of Dalton,* 145 Ga. App. 596 (244 SE2d 117) (1978). In these cases, the court held that Code Ann. §§ 114-103 and 114-603 prohibited the employee from suing the employers when they had failed to secure workers' compensation insurance.

Code Ann. § 114-103 provides: "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of such employee, . . . at common law or otherwise, on account of such injury, loss of service or death. . . " Code Ann. § 114-603 provides for a ten per cent penalty and attorney fees in addition to the compensation award to be assessed against an employer who does not comply with the provisions of the Workers' Compensation Act. Samuel's award from the Board is not collectible from the employer or an insurance carrier although he suffered an injury compensable under the Act. This failure of compensation is alleged to be the result of a breach of duty by the named defendants.

It is important to state what this case does not involve. This is not a case where an injured employee is seeking damages for failure of the employer to provide a safe work place or otherwise negligently causing an on-the-job injury, nor has the employee pursued a remedy which could result in any type of double recovery. The employee here has not attempted to elect a remedy outside of the Act, but is attempting to collect a judgment based on the award of the Workers' Compensation Board.

The Court of Appeals in the opinion below and in *Fox* refers to the exclusive remedy sections in Larson, Workmen's Compensation Law. The policy behind enforcement of the exclusive remedy is based upon a quid pro quo between the employer and employee. Under workers' compensation programs their interests are balanced, the employee giving up his common law right to sue for injuries on the job, and the employer being freed from direct liability for injuries by securing insurance which enables him to pass his cost on to customers. In discussing this quid pro quo, Larson states: "If this is

the justification for the exclusive remedy rule, it ought logically to follow that the employer should be spared damage liability only when compensation liability has actually been provided in its place..." 2A Larson, Workmen's Compensation Law, § 65.10 at 12-4. This balancing of interest and the quid pro quo also are the underlying policy of the Georgia law. *Slaten v. Travelers Ins. Co.,* 197 Ga. 1 (28 SE2d 280) (1943).

In *Savannah Lumber Co. v. Burch,* 165 Ga. 706 (142 SE 83) (1927), an employer was held to be liable in a suit to collect a workers' compensation award where the insurance carrier chosen by the employer has become insolvent. Again, one of the policies of the act was expressed as the protection of the employee, and even though the employer had in fact complied with the act by fulfilling the duty of obtaining insurance, the award had not been paid due to the receivership of the insurance carrier. In order to insure protection of the employee, the court found that a suit by the employee to enforce the judgment based on an award of the board stated a cause of action against the employer.

The issue here can be stated thusly: Can an agent who failed to perform his duty to procure workers' compensation insurance for an insolvent employer rely upon the exclusive remedy bar in defending a suit for an amount equal to the award assessed against the employer? As noted in Larson's Workmen's Compensation Law, § 67.30, many states' compensation plans include an uninsured employers fund whereby an employee in Samuel's position would be compensated, and the state in turn collects the benefits from the employer. Since the policy of protection of workers is carried out by this scheme, there is no reason the exclusive remedy section should not be enforced in those instances.

The purpose of the Georgia compensation act has been described as "a humanitarian measure" providing relief to the injured employee and protecting employers from excessive damage awards. *Slaten,* supra at pp. 2, 3. The act should be liberally interpreted by the court to carry out this purpose. To further the policies and secure enforcement of the Workers' Compensation Act, the law provides for misdemeanor punishment against employers who do not comply in Code Ann. § 114-9901, as well as the monetary penalties in Code Ann. § 114-603. Samuel is merely attempting to enforce the act on his behalf; it is not he but the corporate officers of the employer who have circumvented the act.

The immunity enjoyed by an employer's agents under the Workers' Compensation Act does not relieve the agents from carrying out the responsibilities imposed by the statute. It is not reasonable or just to hold that an employer's agents may fail or refuse to perform

duties imposed upon them by the statute and at the same time rely upon the statute to escape the consequences of their failure to act properly. This result would defeat the quid pro quo policy of the law.

In this case, a valid claim was made under the Workers' Compensation Act. A valid award was granted by the board. The award was not collected for only two reasons. First, the employer carried no workers' compensation insurance. Second, the employer was insolvent. Had the employer's agents (the Baitchers) carried out their duties under the Act by procuring workers' compensation insurance coverage, the award would have been collected. Under these limited circumstances, the employee may pursue a claim at law against the agent of the employer for an amount equal to the award of the Workers' Compensation Board. The decisions of *Fox v. Stanish,* 150 Ga. App. 537, supra, and *Smith v. White Lift of Dalton, Inc.,* 145 Ga. App. 596, supra, are expressly disapproved insofar as they conflict with this opinion.

*Judgment reversed. All the Justices concur, except Jordan, C. J., who concurs in the judgment only. Gregory, J., not participating.*

DECIDED FEBRUARY 2, 1981.

*Kenneth G. Levin, Steven Gottlieb,* for appellant.
*Gary M. Goldsmith,* for appellees.