In re Alan David LICHSTRAHL, Debtor.

BANKERS TRUST COMPANY, Plaintiff,

v.

Alan David LICHSTRAHL, Defendant.

Bankruptcy No. 82–01748–BKC–TCB.
Adv. No. 82–1153–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 13, 1983.

Myrna Bricker, Paul G. Hyman, Miami, Fla., for debtor.

Nancy Worth, Coral Gables, Fla., for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks exception from discharge for its claim of $319,000 under 11 U.S.C. § 523(a)(2)(A) and (a)(4). The matter was tried on January 6.

Plaintiff's demand for jury trial is denied. Plaintiff's right to a jury is limited to the issues fixing the amount of its claim. The amount of the claim, which is based upon the lease of certain medical equipment, is not disputed. Plaintiff has no right to a jury trial as to any remaining issue. The demand for a jury is denied.

■ Plaintiff's allegations opposing discharge under § 523(a)(4) charge "fraud or defalcation while acting in a fiduciary capacity". The debtor was a lessee obligated to the plaintiff by the terms of the lease covenants. He was not, therefore, a trustee under a technical or express trust and, therefore, he was not a fiduciary within the scope of this subsection. *Collier on Bankruptcy* (15th ed.) ¶ 523.14[c] n. 7 et seq.

Plaintiff's remaining cause of action is based upon the fact that certain material (including some furniture and tile) was placed in the debtor's home rather than in his office, as was represented by the terms of the lease agreement. It is conceded that the debtor practiced medicine in his home only in infrequent emergencies.

■ The defense is that the agent of the leasing company that arranged the transaction between the doctor and the plaintiff bank, which provided the financing, knew exactly what was contemplated, encouraged the arrangement and effected it in such a way that neither the bank nor any other party was deprived of its collateral or was threatened in any other way. I find the defense fully substantiated by the uncontroverted proof before me. I am satisfied that the debtor had no intention to deceive or defraud either the plaintiff or any other party in connection with this leasing agreement. I am convinced that the bank has suffered no disadvantage as a result of the incomplete recitals contained in the lease. The debtor has consistently proffered all the collateral to the bank. The bank has made no effort to retrieve any part of its collateral. It may still do so. The debtor has even offered to pay the costs of the tile included in this lease (which was affixed to his home). Defendant has acted in good faith and without guile throughout his dealings with all parties connected with this lease. The value of the equipment placed in or incorporated in the debtor's home was $19,500 or 6% of the total property included under the medical equipment lease.

■ Plaintiff argues that the parole evidence rule precludes any proof of an understanding between the lessor and the debtor that any part of the leased equipment could be placed other than as specified in the lease. Of course, the terms of the contractual obligations between the parties cannot be varied by proof outside the four corners of the lease. However, the issue here is whether the debtor obtained property or credit by "false pretenses, a false representation, or actual fraud". § 523(a)(2)(A). It is plaintiff's burden to prove an actual intent to deceive or defraud. *Collier on Bankruptcy* (15th ed.) ¶ 523.08[4]. The proof offered and received from the debtor does not vary the contractual commitments between the parties. It explains and demonstrates that the debtor had no intent to defraud, or deceive anyone

in connection with this lease. The parole evidence rule does not preclude admission or consideration of this evidence for that purpose.

 Plaintiff has also argued that the defense presented here is precluded by a judgment entered in April, 1982 by the U.S. District Court for this District by the application of the principles of res judicata. While that judgment unquestionably fixes the amount of the debtor's joint and several liability to the plaintiff, I find nothing in this judgment or the findings and conclusions which preceded it or the Amended Complaint upon which it was based which adjudicates this debtor guilty of false pretenses, false representation, or actual fraud, nor do I find any basis to preclude the defense offered here.

It follows that this complaint must be dismissed with prejudice. A separate judgment will so provide. Costs may be taxed on motion.