65837. MYERS et al. v. WILSON.

POPE, Judge.
Appellant James B. Myers received an on-the-job injury on September 23, 1977 while working for the J. H. Wilson Oil Company,

which was subject to the Workers' Compensation Act. Appellant Myers reported the injury to his employer and was advised that he would be taken care of. The employer paid the original medical bills and also paid Myers $90.00 per week for one year. The employer informed Myers at the end of 52 weeks that his workers' compensation coverage had run out. During September 1979 Myers received a doctor bill from appellant Ronald J. Lehman. Myers called the State Board of Workers' Compensation and was advised that he was entitled to compensation and that J. H. Wilson Oil Company did not have workers' compensation insurance at the time of his injury.

A claim was filed with the Board on October 17, 1979. On June 20, 1980 an administrative law judge (ALJ) issued an award directing J. H. Wilson Oil Company (hereinafter "the employer") to pay workers' compensation benefits to Myers, attorney fees to appellants Clarence R. Vaughn and Gus Barksdale, and medical expenses to appellant Lehman. The ALJ found that the evidence was clear that Myers "was lulled into a sense of security when he was told by his employer that he would be taken care of and when he was paid what he thought was Workers' Compensation at the rate of $90 per week for one year." See in this regard *Brown Transp. Corp. v. James,* 243 Ga. 701 (257 SE2d 242) (1979).

The employer indeed neither carried any workers' compensation insurance nor qualified as a self-insurer. On May 26, 1980 the assets of J. H. Wilson Oil Company were sold for $151,000.00 because the company was insolvent. Thus, the award (now totaling in excess of $40,000.00) has not been collected.

Appellee J. H. Wilson, Jr. was the sole shareholder, the president, and a director of J. H. Wilson Oil Company on September 23, 1977. Further, he was the supervisor of the employees, including appellant Myers, who worked at the company. As president, he was in charge of all management duties of the company during September 1977.

Based on the foregoing facts, appellants moved for summary judgment based on appellee's breach of his statutory duty, as agent for the company, to provide workers' compensation insurance. The trial court took no action on this motion but granted a summary judgment motion by appellee on the ground that the statute of limitation had run on appellants' cause of action. *Held:*

1. Our Supreme Court has held, in a situation where a valid claim has been made under the Workers' Compensation Act and a valid award has been granted by the Board, and where the employer carried no workers' compensation insurance and was insolvent, that a claimant has a cause of action in tort against the agent(s) of the

employer for an amount equal to the Board's award. *Samuel v. Baitcher,* 247 Ga. 71 (274 SE2d 327) (1981). The case at bar falls within the ambit of this cause of action.

In *Lavender v. Spetalnick,* 161 Ga. App. 75 (289 SE2d 291) (1982), this court held that such a cause of action is governed by the two-year statute of limitation for personal injury actions, OCGA § 9-3-33 (formerly Code Ann. § 3-1004), and that the cause of action arises upon a breach of duty by the employer's agent to procure workers' compensation insurance. Apparently relying on this reasoning, the trial court found that the statute of limitation in the case at bar began to run no later than October 1979, the undisputed time when Myers knew that his employer did not have workers' compensation insurance. Since appellants did not bring their action until February 16, 1982, the trial court concluded that the action was barred by the two-year statute of limitation. Upon consideration of this matter in light of the facts in this case, we conclude that the foregoing analysis is inappropriate to the cause of action enunciated in *Samuel v. Baitcher,* supra.

As noted above, there are several elements which must be present before a claimant may successfully pursue a cause of action against an agent of his employer for failure to procure workers' compensation insurance: a valid workers' compensation claim; a valid award granted by the Board; and the employer's insolvency. See *Samuel v. Baitcher,* supra; see also *Kelly v. China One Restaurant,* 161 Ga. App. 600 (2) (289 SE2d 28) (1982). Thus, although the claimant Myers knew of his employer's failure to obtain workers' compensation insurance as early as October of 1979, this failure, in and of itself, did not give rise to a cause of action against Wilson, the employer's agent responsible for procuring such coverage. Such cause of action arose only when the Board's award in favor of Myers became uncollectable because of the employer's insolvency, in this case on June 20, 1980. Since the case at bar was brought within two years of that date, the trial court erred in granting summary judgment to appellee. The opinion in *Lavender v. Spetalnick,* supra, is inconsistent with the holding herein and is thus overruled.

2. Appellants also enumerate as error the trial court's denial of their motion for summary judgment. However, our review of the record in this case discloses no written order by the trial court taking any action whatsoever on their motion. "In the absence of a judgment in writing no question for decision is presented to this court." *Seabolt v. Seabolt,* 220 Ga. 181 (1) (137 SE2d 642) (1964); *Boynton v. Reeves,* 226 Ga. 202 (173 SE2d 702) (1970). Compare *Stallings v. Chance,* 238 Ga. 567 (238 SE2d 327) (1977).

*Judgment reversed. Shulman, C. J., Deen, P. J., Quillian, P. J.,*

*McMurray, P. J., Birdsong, Banke and Carley, JJ., concur. Sognier, J., concurs specially.*

DECIDED JULY 7, 1983.

*Forrest Jack Lance,* for appellants.
*James G. Edwards II, W. Fred Orr II,* for appellee.

SOGNIER, Judge, concurring specially.

I concur specially. The judgment in *Lavender v. Spetalnick,* 161 Ga. App. 75 (289 SE2d 291) (1982) is correct as its facts meet the following criteria set forth in *Samuel v. Baitcher,* 247 Ga. 71, 74 (274 SE2d 327) (1981): "In this case, a valid claim was made under the Workers' Compensation Act. A valid award was granted by the board. The award was not collected for only two reasons. First, the employer carried no workers' compensation insurance. Second, the employer was insolvent. Had the employer's agents (the Baitchers) carried out their duties under the Act by procuring workers' compensation insurance coverage, the award would have been collected. Under these limited circumstances, the employee may pursue a claim at law against the agent of the employer for an amount equal to the award of the Workers' Compensation Board."

Nevertheless, in *Lavender* we imply that the cause arises solely upon the failure of the employer's agent to procure the workers' compensation coverage. This implication is at odds with *Samuel v. Baitcher,* supra, and therein *Lavender* should not be followed.