**In the Matter of Barbara Ann BAITCHER, Debtor,**

**John SAMUEL, Plaintiff,**

**v.**

**Barbara Ann BAITCHER, Defendant.**

**Bankruptcy No. 79–02987A.
Adv. No. 82–0260A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 14, 1983.

Kenneth G. Levin, Atlanta, Ga., for plaintiff.

Gus H. Small, Jr., Zusmann, Small, Stamps & White, Atlanta, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

▇ Plaintiff filed the above-styled adversary complaint to determine the dischargeability of a debt. It is before the Court on cross-motions for summary judgment.[1] The controlling facts are not in dispute and may be summarized as follows.

Defendant-Debtor and her ex-husband were officers of and Defendant-Debtor was an employee of The Flame Restaurant where Plaintiff was employed as a waiter. On August 7, 1974, The Flame, Inc., which operated The Flame Restaurant, filed for an arrangement under Chapter XI of the Bankruptcy Act. On August 9, 1974, Bankruptcy Judge William L. Norton, Jr. appointed Sidney L. May and Gray Lindgren as Receivers with full powers. On September 28, Plaintiff tripped, fell, and suffered an injury in the course of his employment at The Flame Restaurant.

On December 22, 1975, the Georgia Board of Workmen's Compensation found The Flame, Inc. liable for workmen's compensation in the amount of $10,001.40. Plaintiff obtained a judgment against The Flame, Inc. in the Superior Court of Fulton County, Georgia, for $10,001.40. He then brought an action against Defendant-Debtor and her ex-husband in the Superior Court of Fulton County seeking to hold them personally liable for the $10,001.40. On October 1, 1979, the Superior Court dismissed Plaintiff's complaint and granted judgment for the defendants. The Order of Dismissal was affirmed by the Georgia Court of Appeals. The Supreme Court of

---

1. Plaintiff contends that Defendant-Debtor's Motion for Summary Judgment does not comply with Local Rule 91.72 in that it does not have a separate statement of undisputed facts. Defendant-Debtor's "Brief in Support of Defendant's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment" contains a section entitled "Statement of Undisputed Facts" at page 2. Although it is not a separate document, the Court finds that it substantially complies with Local Rule 91.72.

Georgia, however, reversed the holding of the two lower courts by an Order dated February 2, 1981. The Supreme Court held that corporate officers and directors could be held liable for the failure of a corporate employer to pay workmen's compensation awards. *See, Samuel v. Baitcher,* 247 Ga. 71, 274 S.E.2d 327 (1981). On April 29, 1981, the Superior Court of Fulton County entered an Order on Remittitur awarding judgment in favor of Plaintiff and against Defendant-Debtor and her ex-husband in the amount of $10,001.40 plus interest. Plaintiff now seeks to have this judgment declared nondischargeable.

Plaintiff offers four theories upon which he contends this debt should be nondischargeable. They are: 1) Plaintiff's debt was not timely filed by Defendant-Debtor [11 U.S.C. § 523(a)(3)]; 2) Plaintiff's debt was created by Defendant-Debtor's defalcation while acting in a fiduciary capacity [11 U.S.C. § 523(a)(4)]; 3) Plaintiff's debt was created in connection with the obtaining of services by false pretenses [11 U.S.C. § 523(a)(2)(A)]; and 4) Plaintiff's debt was caused by the willful and malicious injury to Plaintiff [11 U.S.C. § 523(a)(6)]. For the reasons stated below, the Court finds that all four of Plaintiff's theories are without merit and that this debt should be declared to be dischargeable in bankruptcy.

1. Plaintiff's Debt Not Timely Filed—11 U.S.C. § 523(a)(3)

Section 523(a)(3) provides that

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Plaintiff argues that his debt was not timely filed. Defendant-Debtor filed a petition for relief under Chapter 7 on October 2, 1979. She did not list Plaintiff's claim. This petition was filed the day after the Superior Court of Fulton County had dismissed Plaintiff's complaint against Defendant-Debtor and her ex-husband. Defendant-Debtor received her discharge on January 31, 1980, and the case was closed. On June 9, 1981, Defendant-Debtor filed an "Application to Reopen Estate and for Reinstatement of Automatic Stay." This Court granted the application and set a time for Defendant-Debtor to amend her schedules to include the debt to Plaintiff and for Plaintiff to file a complaint to determine the dischargeability of the debt.

Plaintiff contends that, "[s]ince the application [to reopen the case] was not filed until nearly two years after the original bankruptcy petition, it is obvious that the debt was not timely scheduled." Plaintiff's Brief in Support of Motion for Summary Judgment, at 2. In order for a debt to be declared nondischargeable under this subsection of § 523, prejudice to the creditor must be established. *Atlantic Nat'l Bank of Fla. v. Jones (In re Jones),* 22 B.R. 416 (Bkrtcy.M.D.Fla.1982). Plaintiff has alleged no prejudice from the late scheduling of his debt. The Court has allowed him to file this adversary complaint to determine the dischargeability of his debt. He now has the opportunity to fully litigate the issue of dischargeability. It would be a great injustice, under the circumstances of this case, to find the debt nondischargeable for the failure to timely schedule it when liability has only been fixed since the Supreme Court of Georgia's decision rendered on February 2, 1981. Therefore, the Court

finds that the debt in question is not barred from discharge under § 523(a)(3).

### 2. Debt Created by Defalcation While Acting in a Fiduciary Capacity—11 U.S.C. § 523(a)(4)

Plaintiff maintains that the debt is nondischargeable under § 523(a)(4) which provides that an individual is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Plaintiff contends that Defendant-Debtor was acting in a fiduciary capacity in two ways.

First, Plaintiff asserts that Defendant-Debtor was a fiduciary to Plaintiff in her capacity as an officer of a corporate employer. Pursuant to O.C.G.A. § 34-9-120, employers have a duty to insure the payment of workmen's compensation. If a corporate employer fails to pay an award of workmen's compensation, the officers of that corporation can be held liable. *See, Samuel v. Baitcher,* 247 Ga. 71, 274 S.E.2d 327 (1981). Plaintiff argues that

> Both because she was a corporate officer and manager, and because of the special trust that Georgia public policy imposes on such officers to assure that they keep such insurance in force (imposing personal liability upon them for employee personal injury damages if they fail to do so), Defendant occupied a fiduciary status regarding that legal right of Plaintiff even before her corporation filed for reorganization in bankruptcy, especially in view of its impending insolvency once the state liquor authorities had determined to revoke the right of Defendant and her ex-husband to hold a liquor license. (footnote omitted)

Plaintiff's Brief in Support of Motion for Summary Judgment at 12–13.

It has been well established that § 523(a)(4) is to be limited to technical or express trust relationships and not to trusts which are imposed or implied in law or those which arise out of a contract. *See, e.g., Hall v. Cooper (In re Cooper),* 30 B.R. 484 (Bkrtcy. 9th Cir.1982); *Chrysler Credit Corp. v. Freeman (In re Freeman),* 30 B.R. 704 (Bkrtcy.W.D.La.1983); *Ford Motor Credit Corp. v. Talcott (In re Talcott),* 29 B.R. 874 (Bkrtcy.D.Kan.1983); *Banker Trust Co. v. Lichstrahl (In re Lichstrahl),* 27 B.R. 46 (Bkrtcy.S.D.Fla.1983); *Jacobs v. Ballard (In re Ballard),* 26 B.R. 981 (Bkrtcy. D.Conn.1983); *Anderson v. Anderson (In re Anderson),* 21 B.R. 335 (Bkrtcy.S.D.Ca. 1982). Defendant-Debtor had a duty under Georgia law to see that her corporation insured the payment of workmen's compensation. However, that duty did not constitute a fiduciary duty within the meaning of § 523(a)(4). The only case found by this Court to have considered this issue, held that there had been no evidence presented that a fiduciary relationship existed between an employer and an employee. *Hamilton v. Brower (In re Brower),* 24 B.R. 246, 247 (Bkrtcy.D.N.M.1982). In a similar case, a bankruptcy court held that an employer's duty to provide for the payment of welfare and pension funds did not constitute a fiduciary duty. *Livolsi v. Johnston (In re Johnston),* 24 B.R. 685 (Bkrtcy.W.D. Pa.1982). The Court finds that, as an officer of Plaintiff's employer, no fiduciary relationship existed between Defendant-Debtor and Plaintiff within the meaning of § 523(a)(4).

Plaintiff also argues that Defendant-Debtor, as an officer of a debtor-in-possession was serving in a fiduciary capacity. It appears from the record of The Flame, Case No. B74–1985A that, at the time of Plaintiff's fall, The Flame Restaurant was no longer a debtor-in-possession. On August 9, 1974, the Court ordered the appointment of Gray Lindgren and Sydney L. May as joint receivers with

> full power and authority until the further Order of this Court to operate and manage the business of the Debtor Corporation including but not limited to the right to employ, discharge and fix compensation of all employees and officers, enter into contracts including the application, receipt and maintenance of licenses to serve alcoholic beverages of all kinds and nature and are authorized and directed to keep books and records of the business and keep the property insured in such a manner as they deem necessary to protect the interest of the Estate.

Plaintiff contends that the appointment of receivers by the bankruptcy court did not destroy this fiduciary capacity. Defendant-Debtor, on the other hand, contends that, after the appointment of the Receivers, she no longer had control of the business.

> Defendant submits that the Receivers and their counsel controlled the purse strings and all policy decisions in the operation of the Flame Restaurant at the time Samuel was injured and over a month and a half prior thereto. It was their responsibility to obtain workmen's compensation insurance.

Defendant-Debtor's Brief in Support of Defendant's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment at 8.

Plaintiff maintains that Defendant-Debtor should be estopped by either collateral estoppel or laches from asserting this defense because she did not raise it in the state court litigation. The doctrine of collateral estoppel bars only the relitigation of issues which were *actually adjudicated* in another proceeding. *King v. Whitmore (In re Whitmore)*, 7 B.R. 835, 837 (Bkrtcy.N.D. Ga.1980). In the case *sub judice,* the state courts affixed *liability* for the debt; *dischargeability* was never determined. Similarly, laches will not bar the Defendant-Debtor from asserting the defense to the dischargeability issue presently before this Court. It was of public record that The Flame, Inc. was in bankruptcy proceedings. It was also of public record that the Receivers had been appointed on August 9, 1974 with full power and authority to operate the Flame Restaurant. Although liability has been determined, laches will not bar Defendant-Debtor from presenting this defense on the issue of dischargeability.

Plaintiff's fall occurred on September 28, 1974. At that time, the Receivers had been in possession of the business for over a month and a half. The issue of whether Defendant-Debtor as an officer of a debtor in possession would have had a fiduciary relationship with Plaintiff is not reached, for it is clear that, at the time of Plaintiff's injury,[2] she was no longer operating the business as a debtor-in-possession. The fact that she was employed by the Receivers to assist in the operation of The Flame Restaurant does not create any fiduciary duty to Plaintiff.

The Court finds that, although Defendant-Debtor had a legal duty to insure the payment of workmen's compensation, this obligation did not give rise to a fiduciary duty within the meaning of § 523(a)(4).

### 3. Debt For Obtaining Services by False Pretenses—11 U.S.C. § 523(a)(2)(A)

Section 523(a)(2)(A) provides that a debt is nondischargeable if it is a debt "for obtaining money, property, services, or an extension, renewal, or refinance of credit, by —(a) false pretenses, a false representation, or actual fraud ..."

Plaintiff asserts that

> The undisputed facts of this case show that Defendant obtained the benefit of Plaintiff's continuing provision of services as a waiter under the false pretense that The Flame had proper workmen's compensation coverage while it was doing business as a debtor-in-possession in bankruptcy reorganization, and that Plaintiff relied on this false pretense in continuing in Defendant's employ.

Plaintiff's Brief in Support of Motion for Summary Judgment at 18.

In order for Plaintiff to prevail under § 523(a)(2)(A), he must establish the five elements of nondischargeable fraud, to wit: "(1) the debtor made the representation; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representation; and (5) that the creditor sustained the alleged loss and damage as

---

**2.** The time relevant to the issue of dischargeability is the time at which Plaintiff's injury occurred—the time at which the debt arose. The Court rejects Plaintiff's argument that the time the insurance lapsed is controlling. *See,*

Plaintiff's Brief in Reply to Defendant's Response to his Motion for Summary Judgment, and in Response to Defendant's Motion for Summary Judgment at 14.

the proximate result of the representations having been made." *McMillan v. Firestone* (*In re Firestone*), 26 B.R. 706, 713 (Bkrtcy. S.D.Fla.1982) (Quoting *Sweet v. Ritter Finance Co.,* 263 F.Supp. 540, 543 (W.D.Va. 1967)).

■ Plaintiff contends that by Defendant-Debtor's silence she made a representation that The Flame Restaurant had workmen's compensation insurance. There is no evidence before the Court that Defendant-Debtor knew that there was no insurance in force at the time Plaintiff was injured. Furthermore, upon the appointment of the Receivers, it was no longer her duty or within her control to pay for the insurance. Plaintiff may have assumed that his employer had worker's compensation insurance, but there is nothing to suggest that Defendant-Debtor knew that there was no insurance and that she had the intent to deceive Plaintiff by her silence. Therefore, the Court finds that this debt is dischargeable under § 523(a)(2)(A).

4. Debt For Willful and Malicious Injury—11 U.S.C. § 523(a)(6)

Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. Plaintiff contends that

> The Georgia Supreme Court has already found that Defendant's failure to maintain workmen's compensation insurance in effect was both illegal, and without just cause or excuse. Defendant has testified that she knew that she was required to keep such insurance in force. Her failure to do so immediately placed all her employees at risk of the kind of severe loss that Plaintiff suffered, and immediately deprived all those employees (including Plaintiff) of something of present value (insurance coverage).

Plaintiff's Brief in Support of Motion for Summary Judgment at 23. Based upon the above assertions, Plaintiff argues that this debt arose from the willful and malicious injury to Plaintiff by Defendant-Debtor.

■ As has been discussed in Section 2 and 3 above, at the time Plaintiff's injury occurred, Defendant-Debtor was not in control of the business. Therefore, without the ability to act to procure insurance, Defendant-Debtor cannot be found to have acted willfully or maliciously by the failure to obtain insurance. Even if the Defendant-Debtor had been in control of the business, it is doubtful whether her failure to procure worker's compensation insurance would have constituted a willful and malicious injury to Plaintiff. "[F]ailure to carry worker's compensation insurance may be negligent, but not willful and malicious." *Hamilton v. Brower* (*In re Brower*), 24 B.R. 246, 248 (Bkrtcy.D.N.M.1982). *See also, Aldridge v. Scott* (*In re Scott*), 13 B.R. 25 (Bkrtcy.C.D.Ill.1981). The Court finds no willful or malicious injury to Plaintiff by Defendant-Debtor. Therefore, § 523(a)(6) will not preclude the discharge of this debt.

ORDER

In accordance with the above reasoning, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment is Denied.

It is FURTHER ORDERED that Defendant-Debtor's Motion for Summary Judgment be, and the same is, hereby Granted.