69301. CRAWFORD et al. v. HOLT.
(323 SE2d 245)

DEEN, Presiding Judge.

On May 21, 1982, an administrative law judge awarded the appellee, John D. Holt, workers' compensation benefits for an injury he sustained while working for Buckhead Coach and Carriage Works, Inc. (Buckhead). On September 30, 1982, the full board adopted the ALJ's award. Thereafter, Buckhead sought judicial review in the superior court, which eventually affirmed the board's award on March 22, 1983. On December 15, 1982, however, the superior court had already entered judgment on the award for the appellee, pursuant to OCGA § 34-9-106.

On January 24, 1983, the appellee commenced this action against the appellants, E. Darrell Crawford, R. Wayne Flemister, and B. Allen Bush, Jr., as the undisputed sole owners and directors of the now defunct and insolvent Buckhead, seeking a judgment equal to the amount of the workers' compensation award which Holt had been unable to collect because of the appellants' failure to procure workers' compensation insurance or to qualify Buckhead as a self-insurer. On August 9, 1983, the trial court directed a verdict for the appellee and entered judgment for $5,732.86 (the amount of the award), interest of $838.73, and attorney fees of $1,400. The trial court denied the appellants' subsequent motion to have the judgment set aside, and this appeal resulted. On December 14, 1983, the superior court again made the full board's award the judgment of the court, pursuant to OCGA §

34-9-106. *Held*:

1. The appellants contend that the judgment of August 9, 1983, was void on the face of the record and pleadings because it was apparently based upon the superior court's order of December 15, 1982, making the workers' compensation award the judgment of the court, and that order was void because the workers' compensation award had not at that time been affirmed upon appeal as required by OCGA § 34-9-106. However, that alleged defect in the December 15, 1982, judgment *against the corporation Buckhead* is of no real consequence in this action against the appellants individually.

Pursuant to OCGA § 34-9-120 et seq., an employer is required to insure the payment of workers' compensation, either by procuring insurance coverage or by properly qualifying as a self-insurer. Where the employer has failed to carry workers' compensation insurance and has become insolvent, and the employer's agents' failure to procure such insurance coverage has rendered an injured employee's compensation award uncollectible, the employee may maintain an action at law against those individual agents for an amount equal to the award of the workers' compensation board. *Samuel v. Baitcher*, 247 Ga. 71 (274 SE2d 327) (1981). In this case, the appellee's complaint filed on January 24, 1983, commenced such an action, and the judgment of August 9, 1983, held the appellants individually liable for the board's award to the appellee. Any defective attempts by the appellee to collect from the actual employer, Buckhead, were relevant only in the proof that it, in fact, was impossible to collect the award from Buckhead. Accordingly, the trial court properly denied the appellants' motion to set aside the judgment of August 9, 1983.

2. Pursuant to OCGA § 5-6-6, the appellee moves for assessment of 10 percent damages against the appellant for bringing a frivolous appeal. Considering the entire history of this case and it appearing that there was no reasonable ground for anticipating reversal of the trial court's judgment, we conclude that the appeal was brought solely for the purpose of delay. Accordingly, the appellee is entitled to an additional $797.15 (10 percent of the total judgment of $7,971.59) as damages for the frivolous appeal. See *Burger v. Burton*, 168 Ga. App. 378 (308 SE2d 868) (1983).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1984.

*John J. Capo*, for appellants.
*Karen L. Keys*, for appellee.