### 74400. BOYETTE v. ELMER.
(361 SE2d 3)

CARLEY, Judge.

While employed by Uni-Clean, Inc., appellee-plaintiff suffered a work-related injury. Although appellant-defendant was the corporate officer who had the responsibility of procuring workers' compensation insurance coverage for the employees of Uni-Clean, Inc., no such insurance coverage had ever been acquired. In January of 1983, an award of workers' compensation benefits was made to appellee by the State Board of Workers' Compensation and was not appealed by Uni-Clean, Inc. However, appellee had only partially collected this award of workers' compensation benefits when Uni-Clean, Inc. subsequently filed for bankruptcy. After Uni-Clean, Inc.'s bankruptcy, appellee initiated this tort action, alleging that appellant had breached his duty to obtain workers' compensation insurance for the employees of Uni-Clean, Inc. Cross-motions for summary judgment were filed. The trial court entered an order denying appellant's motion for summary judgment and granting summary judgment in favor of appellee. Appellant appeals from that order.

1. Appellant enumerates as error the grant of appellee's motion for summary judgment and the denial of his own motion.

With regard to the issue of appellant's liability in tort to appellee, the facts of this case are virtually indistinguishable from those of *Samuel v. Baitcher*, 247 Ga. 71, 74 (274 SE2d 327) (1981): "In this case, a valid claim was made under the Workers' Compensation Act. A valid award was granted by the board. The award was not collected for only two reasons. First, the employer carried no workers' compensation insurance. Second, the employer was insolvent. Had the employer's agents . . . carried out their duties under the Act by procuring workers' compensation insurance coverage, the award would have

been collected. Under these limited circumstances, the employee may pursue a claim at law against the agent of the employer for an amount equal to the award of the Workers' Compensation Board."

Appellant asserts that appellee's tort claim is barred by the statute of limitations. However, the tort is comprised of several elements, all of "which must be present before a claimant may successfully pursue a cause of action against an agent of his employer for failure to procure workers' compensation insurance: a valid workers' compensation claim; a valid award granted by the Board; and the employer's insolvency. [Cits.]" *Myers v. Wilson*, 167 Ga. App. 340, 342 (1) (306 SE2d 401) (1983). Appellee filed the present action less than seven months after his otherwise valid award of workers' compensation benefits had become uncollectable as a result of Uni-Clean, Inc.'s bankruptcy. This was well within the two-year period of the applicable statute of limitations. "[A]lthough [appellee] knew of his employer's failure to obtain workers' compensation insurance as early as [January] of [1983, the date of his award], this failure, in and of itself, did not give rise to a cause of action against [appellant], the employer's agent responsible for procuring such coverage. Such cause of action arose only when the Board's award in favor of [appellee] became uncollectable because of the employer's insolvency. . . ." *Myers v. Wilson*, supra at 342 (1).

Appellant further asserts that appellee, having received no-fault benefits under the provisions of Uni-Clean, Inc.'s automobile policy, is now seeking an unauthorized double recovery. However, an employee is not barred from recovering both no-fault benefits under the provisions of his employer's automobile policy and workers' compensation benefits from his employer. OCGA § 33-34-8 (c) merely provides that, as against the benefits payable to an employee, the employer's no-fault carrier is entitled to claim a set-off in an amount equal to the employee's workers' compensation benefits. See generally *Cotton States Mut. Ins. Co. v. Smith*, 173 Ga. App. 95 (325 SE2d 408) (1984). We are aware of no similar statutory provision which would entitle one who is liable for payment of workers' compensation benefits to claim a set-off in an amount equal to the no-fault benefits that the employee has actually received under his employer's automobile policy. Compare OCGA § 34-9-206. Moreover, this case ultimately involves appellee's entitlement to receive neither no-fault benefits nor workers' compensation benefits. Appellee is entitled to recover in tort insofar as his award of workers' compensation has been rendered uncollectable by acts attributable to appellant. See *Samuel v. Baitcher*, supra. The award of workers' compensation that was made to appellee is res judicata as to the amount of such compensation to which he was entitled. That Uni-Clean, Inc.'s no-fault carrier may have failed to assert its right to a set-off against the amount of no-fault benefits

that it paid to appellee does not provide appellant with a defense against his tort liability to appellee.

As to the issue of appellant's liability, the trial court correctly granted summary judgment in favor of appellee and denied summary judgment in favor of appellant.

2. Appellee sought to recover from appellant "an amount equal to the award of the Workers' Compensation Board. . . ." However, construing the evidence as to damages most strongly for appellant as the non-moving party, the breach of appellant's duty to procure workers' compensation insurance did not have the effect of rendering the entire award of compensation to appellee uncollectable. Apparently, appellee had actually secured satisfaction of some portion of his award of workers' compensation by filing a garnishment action against Uni-Clean, Inc. prior to that corporation's act of filing for bankruptcy. Compare *Samuel v. Baitcher*, supra; *Myers v. Wilson*, supra. If only a portion of the award remained unsatisfied at the time of Uni-Clean, Inc.'s bankruptcy, it is only to that extent that appellee was actually damaged by appellant's breach of his duty to procure workers' compensation insurance. It is only to that extent that appellee can recover tort damages against appellant. "Damages are given as compensation for injury. . . ." OCGA § 51-12-4.

A recovery from appellant of an amount equal to the entire award would constitute a double recovery insofar as appellee may have already recovered a portion of his award from Uni-Clean, Inc. On the record before us, the extent to which appellee's award may have been satisfied prior to Uni-Clean, Inc.'s bankruptcy and the extent to which appellant is liable to appellee remain uncertain. Accordingly, as to the issue of damages, the trial court correctly denied appellant's motion for summary judgment, but erred in granting summary judgment in favor of appellee.

3. As to the issue of liability, the order granting summary judgment to appellee and denying appellant's motion for summary judgment is affirmed. As to the issue of damages, the order denying appellant's motion for summary judgment is affirmed and the order granting summary judgment in favor of appellee is reversed.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*R. Wade Gastin*, for appellant.
*Ralph R. Lorberbaum, Donald W. Ramsey, Jr.*, for appellee.