## A96A0306. UNDERWOOD v. DUNN.
(470 SE2d 781)

Judge Harold R. Banke.

Mary C. Dunn, a former employee at Underwood's Personal Care Home, a Prewett Industries, Inc. ("Prewett") facility, suffered a work-related injury and was awarded workers' compensation. Because the award was uncollectible due to Prewett's insolvency, Dunn initiated this action against the corporate officers, Irene Underwood and Michael Prewett, alleging that, because they breached their statu-

torily imposed duty to procure workers' compensation insurance, they were individually liable. The trial court reserved ruling on the issue of damages until after a bench trial on liability which resulted in a plaintiff's verdict. Underwood appeals this verdict and the trial court's grant of summary judgment as to the amount of damages, which were identical to those awarded in Dunn's workers' compensation case.[1]

The record shows that Dunn was awarded $72.98 weekly and medical expenses for her workers' compensation claim. Prewett was also directed to pay a 15 percent penalty on all accrued income benefits, an additional 10 percent of all income benefits owing for wilful failure to procure workers' compensation coverage, and $5,000 in attorney fees. Both the State Board of Workers' Compensation and the superior court affirmed. It is undisputed that Prewett was insolvent and lacked workers' compensation insurance. *Held*:

1. The trial court did not err in finding Underwood personally liable for the failure to obtain coverage. OCGA § 34-9-120 requires employers insure the payment of workers' compensation to their employees. When an insolvent employer's failure to carry workers' compensation insurance renders an injured employee's compensation award uncollectible, the employee may seek recovery from the employer's agent who failed to procure such insurance coverage. *Crawford v. Holt*, 172 Ga. App. 326, 327 (1) (323 SE2d 245) (1984).

Dunn established the elements of this cause of action with proof of (1) her valid workers' compensation claim; (2) her valid award granted by the Board; and (3) Prewett's insolvency. *Myers v. Wilson*, 167 Ga. App. 340, 342 (1) (306 SE2d 401) (1983). She also provided evidence that Underwood was a stockholder and chief financial officer of Prewett and was the agent responsible for the day-to-day management and operations of the Underwood Personal Care Home where the injury occurred, which included the purchase of workers' compensation coverage. This evidence precludes a finding that the trial court's decision to find Underwood personally liable as Prewett's agent responsible for procuring the insurance was clearly erroneous. *Garmon v. First Nat. Bank of Atlanta*, 172 Ga. App. 528, 529 (323 SE2d 712) (1984).

2. No genuine issues of material fact remain to be tried on the damages issue. The measure of damages in this type of case is an amount equal to the workers' compensation award. *Samuel v. Baitcher*, 247 Ga. 71, 74 (274 SE2d 327) (1981). Underwood is not entitled to relitigate the propriety of the amount awarded in the

---

[1] Michael Prewett's defensive pleadings were stricken because he failed to respond to discovery requests. He did not appeal.

underlying workers' compensation action. *Boyette v. Elmer*, 184 Ga. App. 108, 109 (1) (361 SE2d 3) (1987).

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED APRIL 23, 1996 —

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellant.

*Nelson & Lord, Ellis M. Nelson, Lawton Miller, Jr.*, for appellee.