ALTENBERND, Judge.
Roy Reim appeals a final summary judgment in favor of Joseph and Sarah Mulligan. Mr. Reim was injured on the job while working for Mulligan’s Pressure Cleaning, Inc. Mr. Reim’s corporate employer did not provide him with workers’ compensation coverage as required by law. Although we are inclined to believe that Mr. Reim should have a remedy against Mr. Mulligan, the primary corporate officer of Mulligan’s Pressure Cleaning, Inc., he has alleged no viable cause of action.
According to the allegations, Mr. Reim was pressure cleaning the roof of a home owned by Mr. and Mrs. Sehweighoefer on October 30, 1996, on Marco Island, Florida, while employed by Mulligan’s Pressure Cleaning, Inc. He slipped and fell on the steep, wet, barrel-tiled roof. He cut his arm and broke his heel when he fell. After the injury, he discovered that his employer had not obtained workers’ compensation coverage to protect him.
He filed this lawsuit against Mulligan’s Pressure Cleaning, Inc., Mr. and Mrs. Mulligan, and Mr. and Mrs. Sehweighoefer. The Schweighoefers have been voluntarily dismissed from the action. Mulligan’s Pressure Cleaning, Inc., remains a party in the trial court, but apparently has no assets from which to collect a judgment. If Mr. Reim is to receive workers’ compensation benefits or some other tort remedy, Mr. Mulligan or his wife must be the source of that recovery.
Mr. Reim’s second amended complaint is not a model of clarity. It refers to Mr. Mulligan and Mulligan’s Pressure Cleaning, Inc., collectively as “Mulligan.” Although Mrs. Mulligan was named as a party in a prior pleading and is granted summary judgment in the order on appeal, she is not identified as a party in the second amended complaint. The complaint contains several counts, but no effort was made to allege distinct causes of action against Mr. Mulligan as a corporate officer, as a holder of the contractor’s certificate, or as a co-employee.
The only allegation concerning Mrs. Mulligan states that she interviewed Mr. Reim and hired him to work for the corporation. There is no claim that she was negligent or that she intentionally made any misrepresentations to Mr. Reim concerning workers’ compensation coverage. We must affirm the summary judgment in her favor.
Concerning Mr. Mulligan, there are no allegations that he was on the roof at the time of the accident. There are no allegations that he negligently contributed to the accident as a non-immune co-employee of the uninsured corporation. Thus, no typical negligence claim seeking damages for personal injury has been successfully alleged against Mr. Mulligan.
The remaining question is whether Mr. Mulligan can be liable to pay the equivalent of workers’ compensation benefits to Mr. Reim under these circumstances. Although the allegations are sparse, we assume that Mr. Mulligan was an officer or director of the corporation at all material times. Section 440.02(14), Florida Statutes (1995), makes such a corporate officer an “employer” for the purposes of sections 440.105 and 440.106, *243 Florida Statutes (1995). Section 440.105 contains a list of prohibited activities and associated penalties. We assume that Mr. Mulligan has violated section 440.105(4)(a)(3), which states that it shall be unlawful for any employer to knowingly fail to secure payment of compensation if required to do so by this chapter. Section 440.106 provides civil remedies for violations of section 440.105. Unfortunately, section 440.106 does not appear to provide an employee such as Mr. Reim any monetary remedy against a corporate officer such as Mr. Mulligan.
Mr. Mulligan is also the qualifying agent for his construction company pursuant to chapter 489. Nothing in that chapter creates any express cause of action against Mr. Mulligan. In light of Murthy v. N. Sinha Corp., 644 So.2d 983 (Fla.1994), we conclude that we cannot rely upon Mr. Mulligan’s status as qualifying agent to make him the insurer for his uninsured corporation. Cf. Samuel v. Baitcher, 247 Ga. 71, 274 S.E.2d 327 (Ga.1981) (Georgia permits suit against corporate agent for failure to procure required compensation); see also Underwood v. Dunn, 221 Ga.App. 185, 470 S.E.2d 781 (Ga.App.1996); Boyette v. Elmer, 184 Ga. App. 108, 361 S.E.2d 3 (Ga.App.1987); Crawford v. Holt, 172 Ga.App. 326, 323 S.E.2d 245 (Ga.App.1984). Moreover, the second amended complaint does not allege that Mr. Mulligan fraudulently induced Mr. Reim to work for the corporation by making false misrepresentations concerning workers’ compensation benefits.
When a corporate employer has no workers’ compensation coverage because of an intentional choice to forego such coverage, there are many reasons why it might make sense to impose liability upon culpable corporate officers. Obviously, such a rule would help employees. Especially in the construction industry, workers’ compensation coverage is a significant expense. A contractor who obeys the law is at a competitive disadvantage to one who does not. It might help level the competitive playing field and avoid lawsuits against property owners if qualifying agents and other culpable corporate officers were individually liable to the corporation’s employees when the corporation intentionally failed to purchase the required coverage. If honest contractors are to compete on such a playing field, it must be leveled by the legislature, not by this court.
Affirmed.
THREADGILL, A.C.J., and GREEN, J., concur.