## A99A0477. SHEEHAN et al. v. DELANEY.
### (521 SE2d 585)

RUFFIN, Judge.

On November 5, 1996, an administrative law judge awarded workers' compensation benefits to Robert Delaney, a truck driver who worked for American Trucking Company, Inc. ("American Trucking"). At the time Delaney was injured, American Trucking did not have workers' compensation insurance. Therefore, the ALJ ordered American Trucking to pay Delaney's workers' compensation benefits.

In January 1997, American Trucking commenced bankruptcy proceedings. As American Trucking had not paid Delaney's workers' compensation benefits prior to declaring bankruptcy, Delaney filed a complaint in superior court seeking payment of benefits directly from Dennis Sheehan and his wife, Chris Sheehan, the sole shareholders of American Trucking. Delaney and the Sheehans filed cross-motions for summary judgment. The trial court denied the Sheehans' motion for summary judgment and granted Delaney's motions for summary judgment on both liability and damages. The Sheehans appeal, contending that the trial court erred in granting Delaney's motions and in denying theirs. We affirm.

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review de novo the grant of summary judgment, "and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Taylor v. Gelfand*, 233 Ga. App. 835-836 (505 SE2d 222) (1998). Here, the trial court's grant of summary judgment in favor of Delaney was appropriate.

1. The Georgia Workers' Compensation Act (the "Act") applies, with limited exceptions, to all employers with three or more employees who are regularly in service. OCGA § 34-9-2 (a). The Act requires that employers insure the payment of workers' compensation benefits to injured workers, either by procuring insurance or by qualifying as a self-insurer. See OCGA § 34-9-120 et seq.; *Crawford v. Holt*, 172 Ga. App. 326, 327 (1) (323 SE2d 245) (1984). If no insurance is obtained, the employer remains liable for payment of benefits. Id. If the employer becomes insolvent, then the agent of the employer responsible for procuring workers' compensation benefits may be held personally liable for payment of such benefits. See *Samuel v. Baitcher*, 247 Ga. 71 (274 SE2d 327) (1981); *Underwood v. Dunn*, 221 Ga. App. 185, 186 (1) (470 SE2d 781) (1996). Before an injured worker can recover benefits from the employer's agent, however, the worker must prove that (1) he has a valid workers' compensation claim; (2) he has obtained a valid award from the State Board of

Workers' Compensation; and (3) the employer is insolvent. Id. If the worker meets these requirements, he may assert a claim against the agent for an amount equal to the award of the State Board of Workers' Compensation. *Boyette v. Elmer*, 184 Ga. App. 108, 109 (1) (361 SE2d 3) (1987).

Here, the Sheehans do not contest the fact that Delaney has met the requirements set forth in *Underwood*,[1] but they assert that there must be a showing of negligence or wrongdoing on their part before they can be held personally liable for payment of workers' compensation benefits. According to the Sheehans, summary judgment is not appropriate because there is a genuine issue of material fact regarding whether they were negligent in failing to procure workers' compensation insurance. We disagree.

The fundamental principle underlying the workers' compensation system is that, in exchange for prompt payment of income and medical benefits to injured workers, employers are immune from tort liability. See *Doss v. Food Lion*, 267 Ga. 312-313 (1), (2) (477 SE2d 577) (1996); *Samuel*, supra at 72-73. In creating this quid pro quo system, the legislature has determined that both employers and employees are entitled to the benefits of the Act *without regard to fault. Doss*, supra at 313 (2).

In this case, because American Trucking was subject to the Act, the Sheehans are immune from tort claims brought by American Trucking employees. *Samuel*, supra at 73. Thus, Delaney has no remedy in tort against his former employer.[2] Id. His only remedy is to attempt to collect the income and medical benefits awarded by the State Board of Workers' Compensation. Id. at 72. As the Supreme Court noted in *Samuel*,

> [i]t is not reasonable or just to hold that an employer's agents may fail or refuse to perform duties imposed upon them by the statute and at the same time rely upon the statute to escape the consequences of their failure to act properly. This result would defeat the quid pro quo policy of the law.

Id. at 73-74.

The Sheehans quote *Samuel* for the proposition that the injured worker's cause of action stemmed from the agent's "negligent failure

---

[1] The award of the Board, that was affirmed by the Appellate Division on January 17, 1997, is final and is no longer appealable.

[2] We note that in both *Boyette*, supra, and *Myers v. Wilson*, 167 Ga. App. 340, 341 (1) (306 SE2d 401) (1983), the cause of action is referred to as a "tort." In fact, it is more akin to a suit to collect on a judgment. See *Samuel*, supra at 72, 74. In no event should the language in *Boyette* or *Myers* be construed as providing for a remedy outside the Act. Id. at 72.

to provide workers' compensation insurance." We are unable to find this quote anywhere in the opinion. Moreover, we do not think this is an accurate interpretation of *Samuel*. Although the Supreme Court concluded in *Samuel* that the agent of the employer breached a duty by failing to obtain insurance, there was no discussion regarding whether the failure was negligent or wilful. Rather than focusing on the culpability of the agent, the Supreme Court focused on the policies behind the Act. Id. at 73. In this legislatively created quid pro quo system, the Supreme Court concluded that an agent who enjoys tort immunity can be held responsible for payment of benefits.

As Delaney was entitled to judgment as a matter of law, the trial court did not err in granting his motions for summary judgment on the issues of liability and damages. See *Boyette*, supra; *Underwood*, supra at 186 (2).

2. In view of our holding in Division 1, we need not address the Sheehans' remaining enumeration of error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1999.

*Smith, Wallis & Scott, Kenneth A. Smith, Christopher B. Scott,* for appellants.

*Barnes, Browning, Tanksley & Casurella, Michael K. Jablonski, H. Scott Gregory, Jr.,* for appellee.

