A99A1842. MAGUIRE v. DOMINION DEVELOPMENT CORPORATION.
(527 SE2d 575)

RUFFIN, Judge.

This appeal presents the issue of whether an injured worker can sue a statutory employer in tort after that employer has successfully defeated a claim for workers' compensation benefits based upon the

worker's failure to follow proper procedures. We hold that he cannot.

In 1993, Timothy Maguire began working with two of his relatives, Brent and Dwayne Eiland, in the construction business. The three men heard about a construction project for Dominion Development Corporation at Bristol Park Apartments, and, on February 2, 1994, they went to the construction site to inquire about jobs. After Brent spoke with Leonard Shaw, a subcontractor for Dominion, Shaw told the men that they could get their tools and begin work immediately.

On February 7, 1994, while working at the construction site, Maguire injured his back and foot when the scaffolding on which he was standing collapsed, causing him to fall 25-30 feet. As a result of his injuries, Maguire was unable to work. He filed a claim with the State Board of Workers' Compensation against Shaw and Dominion, and a hearing was held on January 24, 1995.

In an order dated March 9, 1995, the administrative law judge (ALJ) found that Maguire was not an employee of either Shaw or Dominion, but that he worked for an independent contractor. The ALJ concluded that Maguire and Brent and Dwayne Eiland had formed a partnership and that Maguire was an employee of the partnership. The ALJ noted that, under OCGA § 34-9-8, Maguire was required to first seek benefits from the partnership as his immediate employer before pursuing a workers' compensation claim against either Shaw or Dominion as statutory employers. Accordingly, the ALJ concluded that Maguire was barred from bringing such a claim against Shaw or Dominion.[1]

On February 6, 1995, Maguire filed suit against Dominion[2] in Fulton County State Court, alleging that the collapse of the scaffolding was due to Dominion's negligence.[3] Dominion moved for summary judgment asserting that, under the exclusive remedy doctrine, it was immune from tort liability. Dominion maintained that, as a statutory employer, it enjoyed the same immunity from suit as an immediate employer. The trial court agreed and granted Dominion's motion. In his sole assertion of error, Maguire argues that the trial court erred in granting summary judgment. We disagree.

"The fundamental principle underlying the workers' compensation system is that, in exchange for prompt payment of income and medical benefits to injured workers, employers are immune from tort

---

[1] It does not appear from the record that Maguire appealed the ALJ's decision.

[2] Maguire also sued Shaw and Catalino Caneda, but the other parties have been dismissed.

[3] Maguire also asserted that Dominion was strictly liable for the collapse of the scaffolding. But the trial court ruled that Dominion could not be held strictly liable, and Maguire does not appeal this ruling.

liability."[4] Under OCGA § 34-9-8, principal contractors, as "statutory employers," may also be liable for payment of workers' compensation benefits to injured employees of subcontractors if those subcontractors do not have workers' compensation insurance. Accordingly, such statutory employers also enjoy tort immunity even if they do not pay a claim.[5] As our Supreme Court stated in *Wright Assocs. v. Rieder*, "[t]he quid pro quo for the statutory employer's *potential* liability is immunity from tort liability."[6]

Maguire argues that the principle enunciated in *Rieder* should not apply because Dominion denied liability for workers' compensation benefits and successfully defended the claim before the State Board of Workers' Compensation. But the fact that Dominion prevailed before the Board is not dispositive. It is a statutory employer's *potential* liability for workers' compensation benefits rather than actual liability that triggers the tort immunity. Thus, so long as Dominion was Maguire's statutory employer, it would enjoy immunity from a tort claim.[7]

It is undisputed that Dominion is Maguire's statutory employer. As such, Dominion is potentially liable for his workers' compensation benefits. The only reason Dominion did not have to pay Maguire's workers' compensation benefits is that Maguire failed to comply with OCGA § 34-9-8 (c), which requires employees to first pursue a claim against the immediate employer before pursuing the statutory employer.

We see no reason to allow a worker to sue a statutory employer in tort simply because that employer successfully defended a claim for workers' compensation benefits. Under Maguire's reasoning, an employee whose claim was defeated by a statutory employer on the grounds of wilful misconduct — such as drug use or horseplay — would be able to file a tort claim against that employer.[8] Indeed, the argument advanced by Maguire would essentially deprive statutory employers of any defense to a workers' compensation claim because any successful defense would render the employer liable in tort. Moreover, Maguire's construction would allow injured workers to circumvent a statutory employer's tort immunity by intentionally failing to file a claim against his immediate employer. We cannot reconcile these results with the Supreme Court's holding in *Rieder*. Accordingly, we affirm the trial court's grant of summary judgment to Dominion.

---

[4] See *Sheehan v. Delaney*, 238 Ga. App. 662, 663 (1) (521 SE2d 585) (1999); OCGA § 34-9-11.

[5] *Wright Assocs. v. Rieder*, 247 Ga. 496, 497-500 (1) (277 SE2d 41) (1981).

[6] (Emphasis supplied.) Id. at 500.

[7] Id.

[8] See OCGA § 34-9-17 for defenses to workers' compensation claims.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 17, 1999 —
RECONSIDERATION DENIED JANUARY 6, 2000 —

*Toliver & Gainer, Alvin L. Toliver, Joseph H. King, Jr., Jack T. Brinkley, Jr.*, for appellant.

*Carter & Ansley, David J. Marmins, Christopher N. Shuman*, for appellee.