## A01A2413. WIMBUSH v. CONFEDERATE PACKAGING, INC.
### (556 SE2d 925)

PHIPPS, Judge.

A belt drive on Confederate Packaging, Inc.'s cardboard box folding machine caught the pants leg of employee Bernard Wimbush, injuring his foot and destroying his pants and one boot. Wimbush alleges that the accident occurred, in part, because Confederate Packaging had removed a safety device from the machine. Wimbush received workers' compensation benefits from Confederate Packaging for his physical injuries. He also sued Confederate Packaging for negligence in removing the device, seeking compensatory damages for the injury to his clothing and punitive damages for the alleged intentional creation of a dangerous condition. The trial court granted Confederate Packaging's motion for summary judgment, ruling that that claim was barred by the exclusive remedy provision of the Workers' Compensation Act.[1] Wimbush appeals, and we affirm.

The facts of this case are indistinguishable from those in *Superb Carpet Mills v. Thomason*.[2] There, two employees were injured on the job when a latex tank exploded. Both employees received benefits under the Workers' Compensation Act for their personal injuries. They also sued their employer to recover property damage to their

---

[7] See *Wilbanks v. State*, 251 Ga. App. 248, 256-257 (6) (554 SE2d 248) (2001).
[8] Id.
[1] See OCGA § 34-9-11.
[2] 183 Ga. App. 554 (359 SE2d 370) (1987).

clothing and "additional damages for aggravating circumstances"[3] — namely, the employer's knowledge that safety devices on the tank had been altered.

We held that the employees' claims for property damage were not barred by the exclusive remedy provision of the Workers' Compensation Act. We noted that although the remedies provided by the Act are exclusive within the field of its operation, the Act does not prohibit an action for damages as to injuries it does not cover.[4] Because the Act does not provide a remedy for damage to personal property, we held that it does not prohibit an action for damages to personal property.

Nevertheless, we concluded that the employees could not recover aggravated damages, which are based not on a plaintiff's injuries, but on the aggravated nature of the defendant's conduct. Because the employees' personal injuries and property damages arose from the same conduct, and the Workers' Compensation Act precludes recovery of additional damages for an employer's wilful or intentional acts, we held that the employees could not recover aggravated damages on their property loss claims. Applying *Superb Carpet Mills* to the facts of this case, the trial court correctly ruled that Wimbush could not recover punitive damages from his employer.

Wimbush, however, urges us to overrule *Superb Carpet Mills* to the extent it prohibits recovery of punitive damages. He argues that it is inconsistent to hold that property damage claims are beyond the purview of the Act, but that the Act nevertheless prohibits recovery of punitive damages for such claims. As Wimbush puts it, "[i]f the Act doesn't bar the [property loss] claim, it doesn't bar the damages recoverable for that claim."

Although we recognize the inconsistency noted by Wimbush, we will not overrule our decision in *Superb Carpet Mills* so as to further limit the tort immunity extended to the employer by the Workers' Compensation Act. The bedrock principle of the workers' compensation system is that employers are obligated to pay their employees prompt income and medical benefits for work-related injuries without regard to fault, in exchange for immunity from tort liability.[5] The exclusive remedy provision of the Act would bar a suit by Wimbush against Confederate Packaging for damages of any kind — compensatory or punitive — for the injury to his foot. To allow Wimbush to include a demand for punitive damages in his lawsuit for property

---

[3] Id.

[4] Id. at 555, citing *Covington v. Berkeley Granite Corp.*, 182 Ga. 235, 237-238 (184 SE 871) (1936).

[5] *Solis v. Lamb*, 244 Ga. App. 8, 9 (2) (534 SE2d 582) (2000); *Sheehan v. Delaney*, 238 Ga. App. 662, 663 (1) (521 SE2d 585) (1999).

loss would enable him to circumvent the exclusive remedy provision of the Act. As Confederate Packaging points out, nearly all on-the-job injuries result in some degree of damage to an employee's clothing or other personal property.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 6, 2001 — ▮▮▮▮▮▮▮▮

*Warshauer, Woodruff, Thomas & Wallace, Michael J. Warshauer, Bradford W. Thomas*, for appellant.

*Jones, Cork & Miller, Carr G. Dodson*, for appellee.