**In re Paul RUSKIN, Debtor.**

**STAR INDUSTRIES, INC., Plaintiff,**

**v.**

**Paul RUSKIN, Defendant.**

**Bankruptcy No. 82–1369.**
**Adv. No. 82–1037.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 26, 1983.

Larry Foyle, Jerrold Golson, Tampa, Fla., Steven G. Pinks, Melville, N.Y., for plaintiff.

Kass, Hodges & Massari, Tampa, Fla., David P. Carter, Largo, Fla., for defendant.

## ORDER ON MOTION FOR REHEARING OF ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Rehearing of Order on Motion for Summary Judgment filed by Star Industries, the Plaintiff in the above-styled adversary proceeding. · The Plaintiff contends that the Court erred in ruling as a matter of law, in reliance on *In re Angelle (Angelle v. Reed),* 610 F.2d 1335 (5th Cir. 1980), that a constructive trust imposed *ex maleficio* does not give rise to a fiduciary capacity within the meaning of § 523(a)(4) of the Bankruptcy Code. The Plaintiff contends that the ruling of the Fifth Circuit is merely persuasive and is not binding on the Eleventh Circuit.

Contrary to the Plaintiff's contention, decisions of the Fifth Circuit Court of Appeals handed down by that court before the close of business on September 30, 1981 are binding as precedent for all courts in the Eleventh Circuit. *Bonner v. City of Prichard, Alabama,* 661 F.2d 1206, 1207 (11th Cir. 1981). Inasmuch as *Angelle* was decided by the Fifth Circuit on February 6, 1980, it is clearly binding on this court. The only issue remaining, therefore, is whether or not *Angelle* was correctly applied to the facts in the case presently under consideration.

In *Angelle* the Fifth Circuit Court of Appeals determined that in order for a debt to be non-dischargeable under § 17a(4) of the Bankruptcy Act, the fiduciary duty must have arisen prior to the act which created the debt. *Angelle supra* at 1340. Section 17a(4) states in pertinent part:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, ex-

cept such as . . . (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity.

In *Angelle* a home building contractor misappropriated funds in violation of a state criminal statute, and the home owners sought to have the debts owed to them declared non-dischargeable. They contended that pursuant to the state statute, the misappropriation gave rise to a trust, and, therefore, Angelle had misappropriated funds while acting in a fiduciary capacity.

Angelle admitted the misappropriation, but contended he was not acting in a fiduciary capacity at the time, therefore § 17a(4) should not except the debts owed to the homeowners from his general discharge. The court agreed, holding that in order for a debt to be non-dischargeable under § 17a(4), the trust must have arisen prior to the act which created the debt. *Angelle supra.* Since the act of misappropriation created the trust, § 17a(4) did not bar discharge of the debt.

In the case presently under consideration, the Plaintiff contends that the Debtor, while a corporate officer and director, committed acts of fraud by transferring corporate assets beyond the reach of the Plaintiff who was and continues to be a holder of a judgment against the now judgment-proof corporation. Pursuant to New York Business Corporation Law, Article 7, Section 720, the Debtor, as a corporate officer, is personally liable for acts where the officer causes the corporation to transfer corporate assets to himself or others to the detriment of creditors of the corporation. Under the Plaintiff's view, the statute creates a fiduciary capacity and, therefore, the debt owed to the Plaintiff occurred as a result of fraud while acting in a fiduciary capacity and should be non-dischargeable under § 523(a)(4) of the Bankruptcy Code.

The New York statute at issue in the present case, like the state statute in *Angelle,* creates a trust *ex maleficio.* Therefore, if *Angelle,* which was decided under § 17a(4) of the Bankruptcy Act, is applica-

ble to cases decided under § 523(a)(4) of the Bankruptcy Code, § 523(a)(4) should not except the debt owed to the Plaintiff from the Debtor's general discharge.

Section 523(a)(4) states in pertinent part: (a) a discharge under § 727 ... of this title does not discharge an individual debtor from any debt—(4) for fraud or defalcation while acting in a fiduciary capacity...

11 U.S.C. § 523(a)(4).

The language of § 523(a)(4), like that of § 17a(4) of the Bankruptcy Act, requires that in order for a debt to be non-dischargeable because of fraud under this section, the fraud must have occurred while the debtor was acting in a fiduciary capacity. Cases decided under § 523(a)(4) continue to require the plaintiff to establish that the trust was in existence when the fraudulent act occurred. See *Jacobs v. Ballard (In re Ballard),* 26 B.R. 981 (Bkrtcy.D.Conn.1983); *Livolsi v. Johnston (In re Johnston),* 24 B.R. 685 (Bkrtcy.W.D.Pa.1982); *Anderson v. Anderson (In re Anderson),* 21 B.R. 335 (Bkrtcy.S.D.Cal.1982).

*Collier on Bankruptcy* also supports the view that the reasoning in *Angelle* continues to be applicable to cases decided under § 523(a)(4) by stating:

The qualification that the debtor be acting in a fiduciary capacity has consistently, since its appearance in the Act of 1841, been limited in its application to what may be described as technical or express trusts, and not to trusts *ex maleficio* that may be imposed because of the very act of wrongdoing out of which the contested debt arose. There is no reason to believe that § 523(a)(4) will be construed otherwise.

3 *Collier on Bankruptcy* Para. 523.14[1][c] (15th ed. 1982).

In light of the foregoing, this Court continues to be of the view that a constructive trust imposed *ex maleficio* does not give rise to a fiduciary capacity within the meaning of § 523(a)(4) of the Bankruptcy Code and that the Order on Motion for Summary Judgment entered May 17, 1983 was decided in accordance with controlling case law on the subject.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing of Order on Motion for Summary Judgment filed by Star Industries, Inc., be and the same hereby is denied.

It is further

ORDERED, ADJUDGED AND DECREED that a Final Evidentiary Hearing will be conducted on Count IV and Count VI before the undersigned on August 25, 1983 at 3:30 P.M.