William D. KRAEMER, Appellant,

v.

Glynn H. CROOK and Cynthia M. Crook, Defendants.

Civ. A. No. 1:88–CV–575–JOF.

United States District Court, N.D. Georgia.

Oct. 4, 1988.

Tash J. VanDora, Savell & Williams, Atlanta, Ga., for appellant.

William Eugene Otwell, Austell, Ga., for defendants.

ORDER

FORRESTER, District Judge.

This matter is before the court on appellant William Kraemer's appeal from the judgment of the bankruptcy court in an adversary proceeding to determine the dischargeability of a debt. Appeal to this court is brought pursuant to 28 U.S.C. § 158. The bankruptcy court below held that the debt in question was dischargeable in this Chapter 7 proceeding. Appeal to this court is on the single issue of whether a fiduciary relationship existed between the Debtor–Defendant and the plaintiff as employer and employee.

When sitting pursuant to appellate jurisdiction under 28 U.S.C. § 158, this court must accept findings of fact found by the bankruptcy court unless they are shown to be clearly erroneous, but must make an independent determination of the legal issues. *State Farm Mutual Automobile Ins. Co. v. Fielder,* 799 F.2d 656 (11th Cir.1986).

The plaintiff below, appellant here, has not challenged the findings of fact by the bankruptcy court. Therefore, this court will summarize the facts as found in that proceeding. *Kraemer v. Crook (In re Crook),* Adversary Case No. 85–0510A (Bankr.N.D.Ga.1988). In February, 1983, Courtesy Moving and Storage, Inc. filed a Chapter 11 petition under the Bankruptcy Code. *In re Courtesy Moving and Storage,* No. 83–00906A (Bankr.N.D.Ga.1983). Defendant–Debtor Glynn Crook was president and sole shareholder of Courtesy Moving and Storage, Inc. The only other officer of the corporation was Defendant–Debtor Cynthia Crook, who was Secretary/Treasurer. Glynn Crook made all the decisions on behalf of the corporation including the payment of bills and carrying of insurance.

Plaintiff was employed by Courtesy Moving and Storage in late February or early March of 1983. In May, 1983, plaintiff was involved in a traffic accident, arising out of and in the course of his employment with Courtesy Moving and Storage, Inc. Plaintiff received serious injuries in this accident. Plaintiff sought and was granted relief from the automatic stay in order to pursue his claim for worker's compensation benefits against Courtesy Moving and Storage, Inc. *In re Courtesy Moving and Storage, Inc.,* No. 83–00906A (Bankr.N. D.Ga. December 13, 1983). In January, 1984, the State Board of Worker's Compensation directed that Courtesy Moving and Storage, Inc. pay to plaintiff the sum of $148.50 per week continuing until terminat-

ed or altered by law, medical expenses arising out of the accident, and to pay plaintiff's attorneys, 33⅓ percent of plaintiff's weekly income benefits and without deductions from plaintiff for a period not to exceed 400 weeks.

Plaintiff then filed a complaint against the Defendant–Debtors in the Superior Court of Douglas County, State of Georgia, seeking to hold them personally liable for the award made by the State Board of Worker's Compensation. In November, 1984 judgment was entered by the Superior Court of Douglas County against Defendant–Debtor in the amount of $29,028.49. Three days later in November, 1984, Defendant/Debtors filed for relief under Chapter 7 of the Bankruptcy Code. *In re Cynthia M. Crook and Glynn H. Crook*, No. 84–05436 (Bankr.N.D.Ga.1984). Courtesy Moving and Storage did not have workers' compensation insurance at the time plaintiff was injured.

This adversary complaint was filed in July of 1985. In the action below plaintiff sought to have the debt held non-dischargeable on three grounds based on 11 U.S.C. § 523(a)(2), (4), and (6). This appeal is on the bankruptcy court's findings under § 523(a)(4).

Title 11, U.S.Code, Section 523(a)(4) provides that:

> (a) A discharge under § 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The bankruptcy court, relying on *Samuel v. Baitcher (In re Baitcher)*, 36 B.R. 588 (Bankr.N.D.Ga.1983), *vacated and remanded on other grounds*, 781 F.2d 1529 (11th Cir.1986), found that no fiduciary relationship existed between an employer and employee in regard to providing worker's compensation coverage.

Courts narrowly construe exceptions to discharge, and the burden of proof is on the creditor to show that the debt falls within an exception, here, § 523(a)(4). *Murphy & Robinson Investment Co. v. Cross (In re Cross)*, 666 F.2d 873, 880 (5th Cir., Unit B, 1982). The plaintiff below recognizes that the requisite trust on which the fiduciary relationship relies must be an express or technical trust. In *Angelle v. Reed (In re Angelle)*, 610 F.2d 1335 (5th Cir.1980), the former fifth circuit held that to fit under the fiduciary requirement in § 17(a)(4), the predecessor to § 523(a)(4),[1] the fiduciary duties must be based on an express or technical trust which existed prior to the act creating the debt and without reference to a wrongful act. The court relied upon two Supreme Court cases, *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934) and *Chapman v. Forsyth*, 43 U.S. (2 How.) 202, 11 L.Ed. 236 (1844) for this requirement. The court in *Angelle* rejected the district court's definition of fiduciary as too broad. The district court required only that the relationship be one of confidence, trust and good faith. The court held that the fiduciary status must depend on an express or technical trust. *Angelle*, 610 F.2d at 1341. The alleged fiduciary must have been the trustee before the wrong alleged. *Id.* at 1338. The court held that certain statutes can impose a fiduciary or trust relationship sufficient for the bankruptcy code. *Id.* at 1340. However, the court held that a statute making misappropriation a crime was not enough, because the trust, if any, arises at the time the misappropriation occurs. *Id.* If, however, a statute imposes requirements like a traditional trust, such as segregating and keeping separate records of funds, and a requirement that the person pay out funds according to a statutory scheme, it would be sufficient to find a fiduciary relationship. *Id.* at 1340–1341. In that case, the trust begins with

---

1. Both § 17(a)(4) of the Bankruptcy Act and § 523(a)(4) require that the fraud occurred while the debtor was acting in a fiduciary capacity. Section 17(a)(4) excepted debts which "were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity." *Compare* § 523(a)(4), *supra*. Therefore, cases under § 17(a)(4) construing the fiduciary requirement are applicable to determining if there is a fiduciary relationship under § 523(a)(4).

the first payment to the "trustee." *Id.* The court also noted that it was hornbook law that a trust must contain a settlor, a trustee and beneficiaries. *Id.* at 1340, n. 11.

Other courts have not found fiduciary relationships in similar circumstances. In *Hamilton v. Brower (In re Brower)*, 24 B.R. 246 (Bankr.D.N.M.1982) the court held that there had been no evidence presented showing a fiduciary relationship between employer and employee to procure worker's compensation insurance. In *Livolsi v. Johnston (In re Johnston)*, 24 B.R. 685 (Bankr.W.D.Pa.1982), the court found that a statute requiring an employer to make payments it agreed to under an agreement with its employees did not impose fiduciary duties, and that no fiduciary relationship existed at the time the collective bargaining agreement was signed. In *Star Industries, Inc. v. Ruskin (In re Ruskin)*, 34 B.R. 12 (Bankr.M.D.Fla.1983), the court held that a statute which made a corporate officer personally liable where the officer causes the corporation to transfer assets to the detriment of the corporations creditors created a trust *ex maleficio*, and that a constructive trust such as this did not rise to fiduciary as used in § 523(a)(4). In *Schrimsher v. Neilsen (In re Neilsen)*, 53 B.R. 289 (Bankr.N.D.Ala.1985), the court found that an employer who failed to use money deducted from wages for medical insurance was not a fiduciary within § 523(a)(4) in spite of the use of the term "fiduciary" in ERISA.

The plaintiff argues that an express trust is created by the Georgia statutory worker's compensation scheme, particularly O.C.G.A. § 34–9–120.[2] Plaintiff also argues that the history of the worker's compensation scheme is further support for a finding of an express trust. Plaintiff argues that in the Georgia worker's compensation structure, the worker entrusts his cause of action for any harm that may come to him to the employer in return for the employer's promise to procure insurance to cover any on-the-job accident. Plaintiff further argues that because Georgia does not have an uninsured employer's fund to provide payment to employees in the plaintiff's situation, a higher duty is imposed upon employers.

Plaintiff's arguments that an express trust is created by the operation of O.C.G.A. § 34–9–120 are unpersuasive. Because a cause of action does not arise until the employee is injured, there is nothing for the employer to hold in trust, as an accident or injury is only a potentiality.

Furthermore, in a practically identical case, the bankruptcy court found that no fiduciary duty within the meaning of § 523(a)(4) existed to procure workers' compensation insurance. *Baitcher*, 36 B.R. at 588. In that case, the Defendant–Debtor and her ex-husband were officers of the restaurant where the plaintiff was employed. Approximately six weeks after the restaurant filed under Chapter 11 of the Bankruptcy Code plaintiff suffered injuries in the course of his employment. Plaintiff received an award from the Georgia Worker's Compensation Board and subsequently an award from the Superior Court of Fulton County. The debtors then filed a Chapter 7 proceeding in which the debtor sought to discharge the debt. The court recognized that the defendant as an officer of the corporation which employed plaintiff "had a duty under Georgia law to see that her corporation ensured the payment of worker's compensation. However, that duty did not constitute a fiduciary duty within the meaning of § 523(a)(4)." *Baitcher* at 592. Plaintiff attempts to distinguish *Baitcher* by pointing out that the defendant in that case did not have a duty to get worker's compensation insurance and did not have control over whether that insurance was procured, because receivers had been appointed by the time plaintiff's injuries occurred. However, whether or

2. Every employer ... shall insure the payment of compensation to his employees in the manner provided in this article; and while such insurance remains in force, he or those conducting his business shall be liable to any employee for personal injury or death by accident only to the extent and in the manner specified in this article. O.C.G.A. § 34–9–120.

not the defendant had control over the funds of the corporation was irrelevant to the court's finding that the duty under Georgia law to ensure payment of worker's compensation did not rise to a fiduciary duty under the Bankruptcy Act. The court simply addressed the issue of whether an officer of an employer corporation had a fiduciary duty to the employees to get worker's compensation. Therefore, *Baitcher*'s analysis applies equally well in this case.

The bankruptcy court was correct in finding that no fiduciary relationship existed between the Defendant–Debtor and plaintiff. Therefore, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED.