151, 89 L.Ed. 88] (1944). To be part of the execution of the fraud, however, the use of the mails need not be an essential element of the scheme. *Pereira v. United States*, 347 U.S. 1, 8 [74 S.Ct. 358, 362, 98 L.Ed. 435] (1954). It is sufficient for the mailing to be "incident to an essential part of the scheme," *ibid.*, or a step in [the] plot," *Badders v. United States*, 240 U.S. 391, 394 [36 S.Ct. 367, 368, 60 L.Ed. 706] (1916). [Footnote omitted]. "The relevant question at all times is whether the mailing is part of the execution of the scheme as conceived by the perpetrator at the time...." *Id.* at ——, 109 S.Ct. at 1449.

The district court correctly found here that mailing collection statements to Suris could not support mail fraud charges.[8] In this case there is no evidence or reasonable inference from evidence that the mailings were in any way incident to or part of the execution of some particular nefarious scheme. Suris nowhere describes the goal of any such scheme. Presumably, the scheme Suris would ascribe to the defendants had the goal of obtaining work on the Hidden Bay Project. Any such scheme, however, would have reached fruition when Suris completed work on the project segments which occurred before the mailings. *Compare United States v. Maze*, 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974) (no mail fraud despite foreseeable sending of bills to credit card owner because fraudulent scheme complete when user of stolen credit card received object of the fraud) *with Schmuck*, —— U.S. at ——–——, 109 S.Ct. at 1446-50 (later mailings essential to continuation of the fraud).

## II. Denied Discovery

 Suris complains that Judge Scott abused his discretion in denying its motion to compel production of documents that would show "true ownership and control of Hidden Bay, the nature of the conspiratorial enterprise, and the motive for racketeering acts yet to come." If there were an abuse in denying discovery of enterprise and motive, it became clearly harmless when Suris failed to show predicate acts forming a pattern of racketeering activity. Enterprise and motive without predicate acts do not a RICO violation make.

## CONCLUSION

The district court's grant of summary judgment for defendants on Suris' RICO claims is affirmed.

**AFFIRMED.**

**In re William D. KRAEMER, Debtor.**

**William D. KRAEMER,
Plaintiff–Appellant,**

v.

**Glynn H. CROOK, Cynthia M. Crook,
Defendants–Appellees.**

**No. 88–8839
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 24, 1989.

Tash J. Van Dora, Savell & Williams, S. Lester Tate, III, Atlanta, Ga., for plaintiff-appellant.

William Eugene Otwell, Austell, Ga., for defendants-appellees.

---

8. Despite the apparent logic of its reasoning, we cannot agree with the district court that summary judgment was appropriate here because "there is simply no evidence that these documents were sent other than in the ordinary course of business." As the Supreme Court made clear in *Schmuck:* "To the extent [appellant] would draw from ... previous cases a general rule that routine mailings that are inno-

cent in themselves cannot supply the mailing element of the mail fraud offense, he misapprehends this Court's precedent." *Id.*

The grant of summary judgment in this case, however, can be and is affirmed here on other grounds. *See Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957); *Railway Labor Executives' Ass'n v. Southern Ry. Co.,* 860 F.2d 1038, 1040 n. 2. (11th Cir.1988).

Before TJOFLAT, FAY and KRAVITCH, Circuit Judges.

PER CURIAM:

We affirm the district court's judgment for the reasons stated in its dispositive order of October 4, 1988. *See Kraemer v. Crook*, 94 B.R. 207 (N.D.Ga.1988).

AFFIRMED.

**BAYTREE OF INVERRARY REALTY PARTNERS, Plaintiff–Appellant,**

v.

**The CITY OF LAUDERHILL, et al., Defendants–Appellees.**

No. 88–5373.

United States Court of Appeals, Eleventh Circuit.

May 26, 1989.

Steven M. Davis, Broad and Cassel, Miami, Fla., Michael H. Sussman, Sussman & Sussman, Yonkers, N.Y., Alan J. Kan, Bedzow, Korn, Kan & Glaser, P.A., Boca Raton, Fla., for plaintiff-appellant.

Michael T. Burke, Fleming, O'Bryan & Fleming, Ft. Lauderdale, Fla., for defendants-appellees.

Andrew S. Maurodis, Broward County Office of Gen. Counsel, Barbara A. Hall, Ft. Lauderdale, Fla., Daniel P. Hogan, Chicago, Ill., for Broward City et al.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HENDERSON, Senior Circuit Judge.