In re Virgil W. HEATH, Debtor.

AMERICAN GENERAL FINANCE,
INC., f/k/a Creditthrift of
America, Inc., Plaintiff,

v.

Virgil W. HEATH, Defendant.

Bankruptcy No. A89–02050–JB.
Adv. No. 89–0284A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 12, 1990.

Kirby G. Bailey, The Bailey Law Offices, P.C., Decatur, Ga., for plaintiff.

Thomas L. Washburn, III, Atlanta, Ga., for defendant.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding involving a claim objecting to the dischargeability of a particular debt is before the court on cross motions for summary judgment. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). The defendant is entitled to a summary judgment on the plaintiff's § 523(a)(4) claim, and the viability of the § 523(a)(6) claim will depend on whether the § 523(a)(6) claim can relate back to the filing of the original complaint.

Plaintiff American General Finance, Inc., f/k/a Creditthrift of America, Inc. filed a complaint against defendant-debtor Virgil W. Heath on May 30, 1989, the last day for filing complaints to determine dischargeability of a debt pursuant to 11 U.S.C. § 523(c). The complaint alleges that defendant pledged a boat and certain automobiles to plaintiff as collateral for loans and that defendant disposed of some or all of the collateral without plaintiff's permission. The complaint alleges that the disposition

of the collateral amounts to an act which is nondischargeable under 11 U.S.C. § 523(a)(4).

On January 8, 1990, plaintiff filed a motion for summary judgment, contending that the debt with regard to "two items of collateral, a 1933 Plymouth, and a 1961 Mercedes" should be declared nondischargeable. In the brief accompanying the motion, plaintiff contends that the debt should be declared nondischargeable pursuant to both § 523(a)(4) and § 523(a)(6) of the Bankruptcy Code. Defendant filed his brief in opposition to plaintiff's motion for summary judgment and his own motion for summary judgment.

The court has carefully reviewed the affidavits submitted by the parties.[1] While defendant admits that he is indebted to plaintiff on certain loans for which he pledged a 1933 Plymouth and a 1961 Mercedes, there are a number of factual disputes. Defendant's affidavit is to the effect that he traded cars for a hobby and for profit, that plaintiff allowed him to exchange collateral freely, that he was never required to obtain consent before trading or disposing of collateral, and that Roger Durham, manager of plaintiff's Jonesboro office, had actual knowledge of the trade of the 1933 Plymouth. Defendant also alleges that the value of the collateral substituted for the Plymouth and the Mercedes was equal to or exceeded the sums owed to plaintiff. Plaintiff, on the other hand, argues that the value of the collateral substituted for the Plymouth and the Mercedes was much less than the sums owed, that Roger Durham never agreed to a swap of collateral, and that every time there was an exchange of collateral there were new loan papers executed. Thus, there is a dispute between the parties' description of their business dealings and their account of these transactions. These factual disputes prevent the granting of plaintiff's motion for summary judgment.

■ Defendant's motion for summary judgment is based on several grounds. Defendant argues that the facts alleged by plaintiff do not constitute a claim under § 523(a)(4) as a matter of law. Claims by secured creditors objecting to the dischargeability of their debts based on an alleged conversion of collateral securing a loan are typically brought under § 523(a)(6), not under § 523(a)(4). *See, e.g. United Bank of Southgate v. Nelson (In re Nelson)*, 35 B.R. 766, 768 (N.D.Ill.1983); *Pioneer Bank & Trust Co. v. Scotella (In re Scotella)*, 18 B.R. 975, 977 (Bankr.N.D. Ill.1982); *People's Savings Bank of Brockton v. Cardillo (In re Cardillo)*, 39 B.R. 548, 550 (Bankr.D.Mass.1984). Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The relationship between plaintiff and defendant in this case is a debtor-creditor relationship, and there are no facts asserted by plaintiff upon which the court could find a fiduciary relationship. *See Kraemer v. Crook*, 94 B.R. 207 (N.D.Ga.1988), *aff'd*, 873 F.2d 1406 (11th Cir.1989). (In *Kraemer*, the court noted that the requisite trust on which the fiduciary relationship relies must be an express or technical trust.) Thus, plaintiff cannot prevail on any claim that the debt is for "fraud or defalcation while acting in a fiduciary capacity".

■ Defendant properly contends that plaintiff's allegations, even if true, do not constitute embezzlement or larceny under § 523(a)(4). Larceny requires the unlawful taking of another's property, and embezzlement involves the appropriation or conversion of another's property where the property was legally in the offending party's possession. Here, it is undisputed that the automobiles were owned by defendant subject to plaintiff's security interest. Defen-

---

**1.** While the plaintiff's brief and Statement of Material Facts cite to a deposition of defendant, Virgil W. Heath, the court has checked the court dockets and files in both the main Chapter 7 case and this adversary proceeding and finds that no deposition has been filed for the court to review. (*See* LR 225–3(b)(1), NDGa., incorporated by reference in BLR 705–2, NDGa., which requires the custodial party to file the deposition with the filing of the motion referring to the deposition.)

dant was in lawful possession of the automobiles and plaintiff's security interest does not give plaintiff an absolute ownership interest nor does it defeat defendant's ownership interest. Since the property at issue belonged to defendant and was not property of another, the debt here could not be for larceny or embezzlement. *First Nat'l Bank of Fayetteville, Arkansas v. Phillips (In re Phillips)*, 882 F.2d 302, 304–305 (8th Cir.1989). Accordingly, defendant is entitled to a summary judgment on the plaintiff's claim under § 523(a)(4).

Defendant also urges the court to dismiss any claim under § 523(a)(6), arguing that plaintiff has abandoned its claim under § 523(a)(6) by failing to assert it until filing a motion for summary judgment. Bankruptcy Rule 4007(c) requires that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." The date set for the first meeting of creditors was March 29, 1989, and the sixty day deadline was May 30, 1989. The original complaint asserting a claim under § 523(a)(4) was timely filed on May 30, 1989. Whether plaintiff can now seek relief under § 523(a)(6) requires an analysis of the law on when an amended complaint relates back to the original pleading.

An amended complaint is deemed timely filed if it relates back to the date of the filing of the original complaint which was timely. The amended complaint will relate back if the claims asserted in the amended complaint "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth" in the original complaint. Fed.R.Civ.P. 15(c). *163rd St. and Jamaica Ave. Mgmt. Co. v. Hussain (In re Hussain)*, 54 B.R. 755, 759 (Bankr.E.D.N.Y. 1985); *Framingham UAW Credit Union v. Kelley (In re Kelley)*, 46 B.R. 63, 67 (Bankr.E.D.Va.1985). In considering whether to allow leave to amend the original complaint, "[p]rejudice to the opposing party is the most important factor considered by the courts in deciding whether leave to amend should be granted." *Citizens Fidelity Bank and Trust Co. v. Wahl*

*(In re Wahl)*, 28 B.R. 688 (Bankr.W.D.Ky. 1983) (citing *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Plaintiff has never sought leave to amend the complaint to add a claim under § 523(a)(6), and the parties have not addressed the test of relation back in their briefs. Accordingly, plaintiff has ten (10) days from the entry of this Order in which to file a motion for leave to amend the complaint under Bankruptcy Rule 7015 and defendant will be given ten (10) days to file any response in opposition to the motion. If plaintiff does not file such a motion, then defendant's motion for summary judgment on plaintiff's § 523(a)(6) claim will be granted.

In accordance with the above reasoning, plaintiff's motion for summary judgment is DENIED; defendant's motion for summary judgment on plaintiff's claim under § 523(a)(4) is GRANTED; and the court's ruling on defendant's motion for summary judgment on plaintiff's § 523(a)(6) claim is deferred until the parties properly address whether the complaint can be amended at this time to add a claim under § 523(a)(6).

IT IS SO ORDERED.