### 77624. TATUM v. TURRENTINE.
(378 SE2d 515)

BENHAM, Judge.

Tatum appeals from an adjudication adverse to him in his negli-

gence action based on an unsatisfied workers' compensation claim. Appellant was injured while working as an employee of Harry Ray, d/b/a Harry's Plumbing (Harry's), a subcontractor of Turrentine Development Company (TDC). At the time of the accident, neither Harry's nor TDC had workers' compensation coverage in effect. Appellee Turrentine, President of TDC, had paid his insurance agent, Tom Preston of Preston & Company, sufficient funds to purchase the workers' compensation insurance policy and had instructed him to do so; however, Preston failed to do so, and therefore TDC had no policy in force when appellant suffered his injury. Preston acknowledged that he was primarily liable to appellant for the full award of the State Board of Workers' Compensation, and had paid some benefits to appellant for his injury. In its award the Administrative Law Judge directed Preston to "add to those medical expenses he must pay on behalf of [appellant] all future medical expenses incurred necessary to effect a cure or give relief from the injury of April 17, 1985, including any expense to . . . rehabilitate [appellant]. Further, should Mr. Preston not pay these future claims and those already covered by the Award of July 8, 1986, then, it shall be the responsibility of Harry Ray, d/b/a Harry's Plumbing, and Turrentine Development Co., employers, to make these payments." Appellant, seeking to recover payment for the additional expenses, sued Turrentine in his individual capacity, alleging that his company was insolvent and that he "negligently failed to procure" the workers' compensation insurance, and so was personally liable to appellant for the unsatisfied award. Tatum and Turrentine moved for summary judgment, and the trial court denied Tatum's motion and granted Turrentine's. Tatum appeals and we affirm.

In *Samuel v. Baitcher*, 247 Ga. 71 (274 SE2d 327) (1981), the Supreme Court held that under certain limited circumstances an employee may pursue a claim at law against the agent of his employer for an amount equal to the award of the workers' compensation board. The circumstances are that (1) a valid claim must be made under the Workers' Compensation Act; (2) a valid award must have been granted by the board; and (3) the award must not have been collected for only two reasons—first, that the employer carried no workers' compensation insurance, and second, that the employer is insolvent. Id. In the case before us, appellant has met the first two criteria, but not the third. While it is undisputed that the employer carried no workers' compensation insurance and that it is insolvent, appellant has not shown that those are the only two reasons for his inability to collect the award. The board's award specifically holds *Preston* liable for the payments due, and only in the event of his inability to pay can appellant recover from TDC and Harry's. Appellant makes no showing that the debt is uncollectable from Preston, and so

has failed to meet the requirement necessary to come within the purview of *Samuel v. Baitcher*, supra. Compare *Myers v. Wilson*, 167 Ga. App. 340, 342 (306 SE2d 401) (1983), in which this court held that the "cause of action arose only when the Board's award in favor of [claimant] became uncollectable *because of the employer's insolvency. . . .*" (Emphasis supplied.) See also *Kelly v. China One Restaurant*, 161 Ga. App. 600 (289 SE2d 28) (1982), which stated that to support the action in question, "it must be shown that the award cannot be enforced." Since appellant did not make that showing as to the party that the board designated as primarily liable, i.e., Preston, the trial court did not err in denying appellant's motion for directed verdict and in granting appellee's motion.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 6, 1989.

Charles L. Day, for appellant.
*Wasson, Sours & Harris, W. Hensell Harris, Jr.,* for appellee.